MATHIAS O. HEMSTAD and Another v. MARTIN OLSON HALL.[1]

February 7, 1896.

Nos. 9628—(289).

Appeal—Settled Case—Conclusiveness

In a motion for judgment notwithstanding the verdict, it was stated, in an affidavit and in the judge's order granting the motion, that certain proceedings took place on the trial. A settled case was subsequently made and filed, which certified that it contained all the evidence introduced, and all the proceedings had, but which failed to disclose that any such proceedings were had as above stated. Held, the settled case must control, and cannot be contradicted or impeached by the statements in the order and affidavit.

[1] Reported in 66 N. W. 366.

**Judgment Non Obstante Veredicto.**

It is error to grant a motion, made under Laws 1895, c. 320, for judgment notwithstanding the verdict, unless the moving party made a motion to direct a verdict in his favor at the close of the testimony.

**Same—Prior Order Setting Aside Verdict.**

Immediately on recording the verdict in plaintiff's favor, the trial court set it aside on its own motion, and neither party objected thereto. Thereafter defendant moved for judgment notwithstanding the verdict, under said chapter 320. The motion was granted, and, in the order granting the same, the court of its own motion set aside said order setting aside the verdict. *Held*, when defendant made his motion, the verdict had been set aside, and the case stood for trial as though no trial had ever been had. There was then no trial, with its evidence or proceedings, on which he could move for the statutory verdict to be entered by the court's order, under said chapter 320, and the order of the court, of its own motion, restoring and reinstating the evidence and proceedings, did not cure the defective character of defendant's motion, and it was error to grant the same.

Appeal by plaintiffs from a judgment of the district court for St. Louis county, in favor of defendant, entered in pursuance of the order of Moer, J. Reversed.

*John Rustgard*, for appellant.

*Smith, McMahon & Mitchell*, for respondent.

CANTY, J. In this action the jury returned a verdict for plaintiff for one cent. Immediately after the verdict was recorded, it was set aside by the court of its own motion, and neither party objected thereto. Thereafter defendant moved for judgment notwithstanding the verdict, which motion was made on "the files, records, proceedings, and testimony herein," and upon the affidavits of plaintiff's attorney, in one of which he stated "that, at the close of the testimony, defendant moved the court for a direction of a verdict as to the cause of action set out in the complaint." The court below granted the motion, and the order granting the same, so far as here material, reads as follows: "The court being duly advised in the premises, and said court being satisfied that the motion made by defendant herein at the close of the testimony, for direction of verdict as to the cause of action set out in the complaint, should have been granted, the ruling of the court thereon having been duly excepted to: Now, therefore, it is hereby ordered that the defendant herein have judgment against the plaintiffs for his costs and dis-

bursements notwithstanding the verdict herein. It further appear-- ing, from the records herein, that the verdict was set aside by the court of its own motion, without the consent of either plaintiff or defendant, and the defendant not having consented thereto: Now, therefore, for the purpose of correcting the records herein, it is further ordered that the order so made setting aside said verdict be vacated, and the judgment given for defendant as above ordered." No motion was ever made by either party to reinstate the verdict, but the court, of its own motion, reinstated it in the order above recited. Thereupon plaintiff served a proposed case, and, pursuant thereto, a case and exceptions were subsequently settled and filed, the judge's certificate to which certifies that it contains all the evidence introduced, and all the proceedings had on the trial. Thereafter judgment was entered for defendant pursuant to the above-recited order, and plaintiffs appeal.

1. It will be observed that the above-recited order of the court and the affidavit of defendant's attorney both state that, at the close of the evidence, defendant moved for direction of a verdict in his favor as to the cause of action set out in the complaint. The settled case discloses no such motion. We are clearly of the opinion that the settled case must control, and cannot be contradicted or impeached by the statements in the order and affidavit. This is a well-settled principle. Then, for the purposes of this appeal, it must be held that no such motion was made on the trial.

2. This is certainly not a case in which, on common-law principles, the defendant was entitled to judgment notwithstanding the verdict, and defendant's motion was evidently made on Laws 1895, c. 320. That statute provides:

"In all cases where at the close of the testimony in the case tried, a motion is made by either party to the suit requesting the trial court to direct a verdict in favor of the party making such motion, which motion was denied, the trial court on motion made that judgment be entered notwithstanding the verdict, or on motion for a new trial, shall order judgment to be entered in favor of the party who was entitled to have a verdict directed in his or its favor."

It also provides that the supreme court may do likewise on appeal.

It is very plain, from the reading of this statute, that a motion to direct a verdict must be made at the close of the testimony, in or-

der to give the party making it a right subsequently to move, under the statute, for judgment notwithstanding the verdict. The motion to direct a verdict is a condition precedent to the right to judgment notwithstanding the verdict. As before stated, it must be held that, in this case, no such motion to direct a verdict was made, and, therefore, the order granting judgment notwithstanding the verdict was erroneous, and the judgment therein must be reversed.

3. But there is still another reason why the judgment should be reversed. When the motion for judgment notwithstanding the verdict was made, the verdict had been set aside, without objection or exception by either party, and the case stood for trial as though no trial had ever been had. The trial had been annulled, the order annulling it had not been set aside, and defendant had never moved to have it set aside. Then there was no trial, with its evidence or proceedings, on which the defendant could move for the statutory verdict to be entered by the court, by its order, as provided in said chapter 320; and defendant had not asked, in his motion, to have the evidence and proceedings reinstated or restored. The order of the court, of its own motion, reinstating and restoring the evidence and proceedings, did not cure the defective character of defendant's motion; and, if it did anything, it was only to add, for the purposes of this appeal, additional error to the record.

The judgment appealed from should be reversed, and the case ordered to stand for trial on the original order setting aside the verdict. So ordered.