HENRY FUNKLEY v. CHRISTINE S. RIDGWAY.[1]

February 21, 1924.

No. 23,775.

**No judgment notwithstanding verdict in absence of motion for directed verdict.**

1. The court has no authority under the statute to grant a motion for judgment notwithstanding the verdict where the moving party did not ask for a directed verdict at the close of the testimony.

[1]Reported in 197 N. W. 280.

**Defect not curable after motion for new trial has been granted.**

2. After a motion for a new trial has been granted, in a case where no motion for a directed verdict is made at the close of the testimony, a motion for judgment notwithstanding the verdict under the statute is not cured by the court on its own motion revoking the order granting new trial.

**Motion for judgment non obstante at common law.**

3. At common law the motion for judgment notwithstanding the verdict is based upon the pleadings. It must be apparent from the plea that it is without merit. Such motion is granted because the issues settled by the verdict are wholly immaterial.

**Answer sufficient to sustain evidence on issues raised.**

4. Answer examined and found sufficient to support evidence in proof of issues raised.

Action in the district court for Beltrami county to recover $580 for services as attorney. The case was tried before Stanton, J., and a jury which returned a verdict for $30. The subsequent proceedings were as mentioned in the third and fourth paragraphs of the opinion. From the judgment of $681.56, entered pursuant to the order for judgment, defendant appealed. Reversed and remanded.

*W. N. Weber* and *W. E. Rowe,* for appellant.

*Henry Funkley,* pro se.

WILSON, C. J.

This appeal involves only the first cause of action in the complaint. Plaintiff is a lawyer, and sued to recover the reasonable value for professional services. The answer contains a general denial and also this language:

"Further answering defendant alleges that on the 18th day of March, 1918, at the city of Bemidji in said county defendant employed plaintiff to prosecute the divorce cause mentioned in the plaintiff's complaint as her attorney for which purpose she paid him the sum of $500.00 on said day in full for all matters pertaining to said divorce including all motions and procedures relative to the

property rights defendant might have in said divorce action which included the contempt proceedings set out in plaintiff's complaint and mentioned in the second cause of action mentioned in said complaint and that plaintiff accepted the same in full of all services by him so rendered or to be rendered therein."

The reply is a general denial. The action was tried to a jury in September, 1921, resulting in a verdict for plaintiff apparently based upon matters in the complaint other than the cause of action involved here. Plaintiff's motion,on the minutes of the court, to set aside the verdict and for a new trial upon the ground that the verdict was not justified by the evidence, was granted.

Thereafter, and on May 26, 1923, plaintiff gave notice of an application for judgment against the defendant for the amount claimed in the complaint and that the same would be based upon the pleadings and "on all the files and records herein, including the transcript of the evidence filed herein." This motion was granted; judgment was entered, and defendant now appeals therefrom. The order appealed from also contains this provision:

"Ordered further that the order filed herein on the 13th day of February, 1922, granting a new trial of this action, be and the same is hereby revoked and vacated."

This appeal brings to us for review the last order giving plaintiff judgment.

The plaintiff did not, at the close of the testimony upon the trial of the case, move for a directed verdict. He has, therefore, failed to bring himself within the provisions of the statute entitling him to judgment notwithstanding the verdict. Chapter 24, p. 40, Laws 1917. Knight v. Martin, 124 Minn. 191, 144 N. W. 941. Under these circumstances the court had no authority under the statute to grant this motion.

After the verdict was set aside and a new trial was granted, there was no trial, with its evidence or proceedings, on which plaintiff could make his motion for a statutory verdict (judgment) to be entered by the court's order; and the order of the court, of its own motion, revoking and vacating the order for a new trial, does

not cure the defective character of plaintiff's motion. Hemstad v. Hall, 64 Minn. 136, 66 N. W. 366; Trainer v. Lammers, 152 Minn. 415, 188 N. W. 1013. Whether the trial court, in fact, had power, at such a late date, to revoke and cancel on its own motion the prior order granting a new trial, we do not determine.

Since plaintiff was not entitled to the remedy, which he sought, under the statute, we are led to inquire as to his rights of this character in the absence of such statute.

At common law a judgment notwithstanding the verdict could be entered only where the plea of the defendant confessed the plaintiff's cause of action, and, in defense thereof, set up insufficient matters of avoidance, which, if found to be true, would not constitute a defense or bar to the action. In such a case the plaintiff is entitled to a judgment notwithstanding the verdict, because the issues settled by the verdict are wholly immaterial. It must be apparent from the defendant's plea that he can have no merits. The common law requires the motion to be based on the pleadings. Tested by this rule, the only question arising on this motion is whether any proper evidence can be given under the answer to sustain the verdict. 15 R. C. L. 606, §§ 45 and 46; 23 Cyc. 778; Williams v. Anderson, 9 Minn. 39 (50); Lough v. Bragg, 18 Minn. 106 (121); 1 Elliott, Pr. & Proc. § 815. In passing upon this motion, the court was confined to the pleadings.

The answer denies the reasonable value of the services for which plaintiff seeks to recover; and it admits employment of plaintiff in the divorce cause mentioned in the complaint and alleges that she paid $500 in full and that plaintiff accepted the same in full. The answer was sufficient and would support evidence to prove the issues raised; and evidence may be given thereunder which would support a verdict for the defendant. The trial court erred in granting the motion, and the judgment is reversed and the case remanded for re-trial.