ALMA JAKULA AND ANOTHER v. HARRY STARKEY AND
ANOTHER.[1]

November 21, 1924.

No. 24,054.

**When trial court may properly allow plaintiff to reopen case to add needed
testimony.**
1. Where no delay, inconvenience or prejudice results to a defend-
ant, the court, in the interest of justice, should readily grant a plain-
tiff's motion to open the case to supply a missing link in the testi-
mony called to his attention when defendant rested for the purpose
of moving for a directed verdict.

**Question of conspiracy for jury.**
2. The evidence made it a question for the jury whether defendants
had conspired to defame the character of plaintiffs.

**When false accuser is liable for damages.**
3. Falsely accusing a person, in the presence and hearing of others
of making and selling "moonshine" subjects the one so doing to an
action for damages.

Action in the district court for Hennepin county to recover $15,000
for defamation of character. The case was tried before Bardwell,
J., who granted defendants' motion for a directed verdict. From
an order denying their motion for a new trial, plaintiffs appealed.
Reversed.

*Mead & Bryngelson,* for appellants.
*Frank W. Booth,* for respondents.

Holt, J.
Plaintiffs are husband and wife; so are defendants. The suit is
for defamation of character. When the evidence was in, defendants'
motion for a directed verdict was granted. A motion for a new
trial was denied, and plaintiffs appeal.

[1] Reported in 200 N. W. 811.

The complaint charges a conspiracy on the part of defendants to defame plaintiffs, and in carrying out the purpose it is alleged that on several different occasions in 1922 defendant Harry Starkey, in the hearing and understanding of one Clifford Swanson, made the false and defamatory statement that plaintiffs were making and selling moonshine at their home, and that defendant Nellie Starkey made a like false statement to a police officer, who in reliance upon the same caused a search warrant to be issued and plaintiffs' home searched for intoxicating liquor. The exact language used upon the different occasions is set out with proper innuendoes. The answer admitted the residence of the parties, their relations as husband and wife, and denied the other allegations of the complaint.

The court had power to open the case after both parties had announced that they rested, and should have so done when plaintiffs made the request. The object was merely to let the police officer, who had testified, identify Nellie Starkey as the person who had made the complaint to him that plaintiffs were violating the law, she not having appeared in court until after the officer had testified. Where no delay, or great inconvenience, or prejudice will result, the court should ever be ready to grant litigants full opportunity to present all their testimony before the case is submitted. As matters stood when plaintiffs asked the favor, it should have been granted without question. It would not have interfered with an orderly trial, and clearly would have been in the interest of justice.

The learned trial court seemed to take the view that a conspiracy was not proven, in that defendant Nellie had not been sufficiently identified as the one who made the charge against plaintiffs to the police officer and upon which charge the search warrant was issued. If a cause of action was proven against either defendant, it was error to direct a verdict in favor of both. Proof that only one of the defendants had committed the wrong would entitle plaintiffs to a verdict against that one, regardless of the existence of the conspiracy charged. But we think there was sufficient evidence to show defendant Nellie's connection with the alleged defamation to go to the jury. The alleged conspirators were husband and wife. When the relationship is so intimate, the proof need not be strong

in order to permit a jury to find a common purpose and concert of action existing between the parties charged with the wrong. Pfefferkorn v. Seefield, 66 Minn. 223, 68 N. W. 1072. Conspiracies are formed for a wrongful and unlawful purpose. Naturally the parties thereto not only agree in secret, but take pains that no outsider shall know thereof. Therefore, circumstantial evidence is usually the only available proof of a conspiracy. The fact that there was a sameness in the insinuations and charges made by defendants may indicate to the jury a common purpose.

Moreover, we think it was clearly for the jury, as the evidence stood when plaintiffs rested, to say whether or not defendant Nellie did not make the false statement to the police officer that plaintiffs were conducting an unlawful business. She admitted that before the raid she was at the office of the chief of police and that a day or two after she saw the officer who testified to ascertain the result. The officer testified that, when informed that no evidence of intoxicants was found, she besought him not to divulge that she had instigated the search. The officer also testified that prior to the search, the same woman, on a slip of paper, now destroyed, charged plaintiffs with the offense. He was not certain of the first name, but stated it was Mrs. Starkey, and gave her residence as that where defendants live.

To falsely charge a person with the manufacture and sale of "moonshine" is unquestionably an actionable wrong. Moonshine is generally understood to mean intoxicating liquor. State v. Tremont, 160 Minn. 314, 200 N. W. 93.

We think the learned trial court erred in directing a verdict for defendants.

The order is reversed.