CHARLES H. WILCOX v. FRANK WIGGINS.[1]

January 29, 1926.

No. 25,050.

**Condition precedent to granting judgment notwithstanding verdict.**
Motion for a directed verdict at close of the trial *held* a statutory condition precedent to the granting of a motion for judgment notwithstanding the verdict.

Judgments, 33 C. J. p. 1186 n. 59.

[1]Reported in 207 N. W. 23.

Action in the district court for Rock county by the receiver of the First National Bank of Beaver Creek. The case was tried before Nelson, J., and a jury which returned a verdict in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was granted. Plaintiff appealed from the judgment. Reversed.

*Hansen & Engan* and *Bailey & Voorhees*, for appellant.
*Canfield & Michael*, for respondent.

STONE, J.

Appeal from a judgment ordered for defendant notwithstanding a verdict for plaintiff. The motion was in the alternative—for judgment non obstante or for a new trial and was made on the minutes of the court. At the close of the trial there was no motion by defendant for a directed verdict. The alternative motion was argued on the merits and so considered and decided, the absence of the motion for a directed verdict having been overlooked by counsel and not called to the attention of the court. After the order directing judgment there was a motion to vacate which was denied.

The one point for appellant is that under our statute, G. S. 1923, § 9495, the motion for a directed verdict is a condition precedent to the granting of judgment notwithstanding the verdict. It has been so decided repeatedly. Hemstad v. Hall, 64 Minn. 136, 66 N. W. 366; Netzer v. City of Crookston, 66 Minn. 355, 68 N. W. 1099; Sayer v. Harris Produce Co. 84 Minn. 216, 87 N. W. 617; Knight v. Martin, 124 Minn. 191, 144 N. W. 941; Bowder v. Gillis, 132 Minn. 189, 156 N. W. 2; Funkley v. Ridgway, 158 Minn. 265, 197 N. W. 280.

Without the statute, there is no power in the court to grant judgment notwithstanding the verdict unless it be done on the pleadings. The statute has the effect of enlarging that power so as to make it effective after trial and irrespective of the pleadings, but only in case there has been a motion for a directed verdict. The defect being in the power of the court, it was not cured (at least as against the motion to vacate and timely challenge by appeal), by the submission of the motion on the merits without consideration of the absence of a motion for a directed verdict.

It follows that the order for judgment was erroneous and the judgment must be and is reversed without prejudice to the right of defendant to press the motion for a new trial.

So ordered.