## FRANK KROCAK v. WILLIAM KROCAK.[1]

June 23, 1933.

No. 29,473.

*Charles C. Kolars,* for appellant.
*George T. Havel,* for respondent.

*HILTON, Justice.*

Defendant appeals from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

At the close of plaintiff's case defendant's motion to dismiss the action was denied. He did not move for a directed verdict at the close of the testimony. Not having so done in compliance with

[1]Reported in 249 N. W. 671.

the statutory condition precedent (2 Mason Minn. St. 1927, § 9495) to the granting of a motion for judgment notwithstanding the verdict, the appeal is confined to that portion of the order denying his motion for a new trial. Wilcox v. Wiggins, 166 Minn. 124, 207 N. W. 23; Johnson v. Hegland, 175 Minn. 592, 222 N. W. 272; Timmins v. Pfeifer, 180 Minn. 1, 230. N. W. 260. Defendant was not prejudiced by the failure to move for a directed verdict, for we hold that there was an issue of fact to be determined by the jury.

■ In an action brought by plaintiff in municipal court the complaint alleged that at the special instance and request of the defendant, plaintiff sold and delivered to him goods, wares, and merchandise (90 bushels of corn) of the reasonable value of $74.69, which defendant agreed to pay therefor, and that no payment had been made. Under the allegations of the complaint plaintiff was entitled to prove either an express or an implied contract. Kinzel v. Boston & D. F. L. Co. 124 Minn. 416, 145 N. W. 124; Lufkin v. Harvey, 125 Minn. 458, 147 N. W. 444.

■ Defendant's answer admitted the receipt of the 90 bushels of corn; alleged that the price therefor was 65 cents per bushel; that it was inferior in quality and not worth more than 25 cents per bushel; that plaintiff had sold and agreed to deliver to him 200 bushels of corn but refused to deliver the remaining 110 bushels. Defendant counterclaimed demanding judgment for $500 because of loss sustained by him due to the failure of plaintiff to fulfill the alleged contract. In municipal court plaintiff recovered judgment for $77.62. On appeal to the district court the case was tried to a jury and a verdict returned in plaintiff's favor for $58.50, and an appeal was perfected to this court.

Plaintiff's position was that there was an implied contract for the reasonable value *(quantum valebant)* of the 90 bushels of corn. Defendant's contention was that there was an express contract for 200 bushels of corn at 65 cents a bushel. The court submitted the respective claims to the jury. To a considerable extent the evidence of the parties was in accord; in some respects there was a sharp conflict. A recital of the evidence in dispute would serve no useful purpose. Suffice it to say that there was sufficient evidence, if be-

lieved by the jury, to warrant the verdict for plaintiff. We find no prejudicial error in the court's charge.

Affirmed.