# ELIZABETH M. ANDERSON v. MARGARET NEWSOME.[1]

December 28, 1934.

No. 30,148.

*Sexton, Mordaunt, Kennedy & Carroll* and *Robert J. Tyrrell,* for appellant.

*Worth K. Rice,* for respondent.

PER CURIAM.

This case arises out of an automobile collision between two automobiles, one owned and driven by plaintiff, the other owned and driven by defendant. Plaintiff sued for damages on the ground of defendant's alleged negligence. Defendant denied negligence and counterclaimed for damages on the ground of plaintiff's alleged negligence. The jury returned a verdict for defendant on the

[1]Reported in 258 N. W. 157.

counterclaim for $132. Plaintiff made no motion for a directed verdict on the counterclaim at the close of the testimony. After the trial plaintiff moved for an order "vacating and setting aside" the verdict and "if said motion be denied then the plaintiff will move the court for a new trial in said action." The grounds of the motion were that the verdict was not sustained by the evidence and was contrary to law. The court granted the motion, vacated the verdict, and ordered judgment in favor of "defendant without damages." The court also denied the motion for a new trial. Defendant appeals from this order.

The court, as disclosed by its memorandum, held that the defendant as a matter of law was guilty of contributory negligence and set the verdict aside on that ground. No statute and no case law has been cited sustaining the procedure here adopted by the court. Plaintiff could not be granted judgment notwithstanding the verdict under the well known law that such a judgment cannot be ordered unless the party moving for it had moved for a directed verdict at the close of the testimony. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5079, and cases cited n. 92.

Plaintiff's motion was for an order setting aside the verdict, or if that motion be denied, then for an order granting a new trial. We find no authority in this state for a motion to set aside a verdict as an alternative to a motion for a new trial. Verdicts are set aside on motion when a new trial is granted or when judgment is granted notwithstanding the verdict; but a separate motion to set aside a verdict or coupled in the alternative with a motion for a new trial is not known or authorized procedure in this state.

It is clear that the verdict was set aside by the court on the ground that as a matter of law the evidence showed defendant to be guilty of contributory negligence. Assuming, without so deciding, that the court was justified in so holding, it does not follow that plaintiff for that reason was entitled to an order such as was here made. That a verdict is contrary to law is a statutory ground for a new trial. 2 Mason Minn. St. 1927, § 9325(7). It may or may not be a sufficient ground for setting aside a verdict on a motion for judgment notwithstanding the verdict, depending on

whether a good cause of action or defense is pleaded and whether there is a probability that the deficiency in proof may be remedied on another trial. Judgment will not be ordered where there is any probability that the deficiency in either pleadings or proof can be supplied if another trial is had. Nadeau v. Maryland Cas. Co. 170 Minn. 326, 212 N. W. 595.

Since plaintiff was not entitled to judgment notwithstanding under our statutory method of procedure, we inquire what plaintiff's rights were in the absence of statute. At common law judgment *non obstante* could be entered only where the plea of the defendant confessed the plaintiff's cause of action and set up in defense insufficient matters of avoidance which if found true would not constitute a defense or bar to the action. In such a case the plaintiff is entitled to a judgment *non obstante* because the issues settled by the verdict are wholly immaterial. The common law bases the motion on the pleadings. Funkley v. Ridgway, 158 Minn. 265, 268, 197 N. W. 280.

In the case at bar the motion on which the court made its order was, in effect, only a motion for a new trial. The court under our statute and decisions could not, on such a motion, grant judgment notwithstanding the verdict. Further, it is clear from the reasons above pointed out that plaintiff was not entitled to judgment *non obstante* as at common law, for defendant's counterclaim set up matter sufficient to constitute a cause of action if supported by the evidence.

Reversed.