## LOUIS RASPLER v. CLEMENT D. SENG, INDIVIDUALLY AND d. b. a. CONSUMERS ROOFING COMPANY.[1]

October 1, 1943.

No. 33,541.

Herbert T. Park and Lawrence L. Olson, for appellant.
Samuel Saliterman and Donald V. Bailey, for respondent.

[1]Reported in 11 N. W. (2d) 440.

HENRY M. GALLAGHER, CHIEF JUSTICE.

Plaintiff was employed by defendant to sell roofing material. He was to be paid a commission of 20 percent on cash sales and 15 percent on installment contracts. The employment continued from April 15, 1937, to February 15, 1939, when plaintiff quit work to engage in business for himself. He was paid all commissions earned on the cash sales. The present controversy involves unpaid commissions on installment contracts aggregating $392.77.

Plaintiff claims that shortly after he terminated the employment he had a conversation with defendant in which it was agreed that there was due him as commissions on time sales the sum of $479.10 and that defendant would pay that sum within 60 or 90 days. He also claims that after his conversation with defendant the latter collected all the deferred accounts in full except one that was discounted $43.57, and that although he repeatedly demanded payment defendant has refused to pay any part of the agreed earned amount except $80.

Defendant does not dispute the employment or that the commissions on the installment contracts amount to the sum claimed by plaintiff, but he contends that there was an agreement between the parties that the commissions on the deferred contracts were not to accrue unless plaintiff remained in his employ; in other words, that they were to be a bonus or stimulant to induce an agent to remain at work. He denies that he agreed to make the settlement as claimed by plaintiff. There was testimony supporting the claims of both parties.

The suit was commenced on an account stated. At the close of the testimony and after the court had instructed the jury that in order to sustain recovery plaintiff must prove the account stated, that is, that defendant agreed to pay him $392.77, he was permitted, over defendant's objection, to amend his complaint by alleging the reasonable worth and value of his services. The court then instructed the jury that if they found that the sum of $392.77 was owing upon an account for services performed when the action was

commenced, "even though it was not made an account stated," they would have a right to return a verdict in favor of plaintiff for the amount owing for such services.

The jury found for plaintiff in the sum claimed. The verdict does not indicate whether it was predicated on the account or on the account stated. Thereafter defendant moved for judgment notwithstanding the verdict or for a new trial. The appeal is from an order denying the alternative motion.

■ Defendant did not move for a directed verdict at the close of the testimony. Such a motion is a condition precedent to the right to judgment notwithstanding the verdict. Minn. St. 1941, § 605.06 (Mason St. 1927, § 9495); Hemstad v. Hall, 64 Minn. 136, 66 N. W. 366; Sayer v. Harris Produce Co. 84 Minn. 216, 87 N. W. 617; Knight v. Martin, 124 Minn. 191, 144 N. W. 941; Wilcox v. Wiggins, 166 Minn. 124, 207 N. W. 23; Krocak v. Krocak, 189 Minn. 346, 249 N. W. 671. It follows that the trial court properly denied defendant's motion for judgment *non obstante*.

■ Defendant's motion for a new trial did not specify the grounds upon which it was based. It merely stated that it "will be made upon the settled case and upon all the files and proceedings had in said matter, and upon the rulings made by the court, to which the defendant duly excepted." Defendant assigns the denial of this motion as error. Plaintiff does not question the sufficiency of the assignments. Consideration of the point should not be construed as approving the form. The only error urged here pertains to the ruling of the trial court permitting the amendment. In fact that was the only ruling to which defendant objected during the trial. The record discloses that he excepted to the ruling. The memorandum of the trial court attached to the order denying the motion recites: "The main objections raised by defendant were as to allowance of the amendment to the pleadings, and the submission of both the question of an account stated, and reasonable value of services."

The amendment of pleadings on the trial is a matter lying almost

wholly in the discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion. 5 Dunnell, Dig. & Supp. § 7708, and cases cited; James E. Carlson, Inc. v. Babler, 144 Minn. 125, 174 N. W. 824; Seifert v. Union Brass & Metal Mfg. Co. 191 Minn. 362, 254 N. W. 273; Nygaard v. Maeser Fur Farms, Inc. 183 Minn. 388, 237 N. W. 7. The party objecting to an amendment has the burden of proving that he will be prejudiced. Short v. Great Northern L. Ins. Co. 179 Minn. 19, 228 N. W. 440. We see no prejudice to defendant in allowing the amendment. The only objection to it was that "it is a misjoinder of actions." However, defendant did not move to require plaintiff to elect as to whether he stood on the account or on the account stated. There was no objection to the instruction that the jury might return a verdict on either theory, nor was error assigned for the giving of such instruction. Furthermore, the testimony was such that it almost conclusively appears that plaintiff should recover upon some theory, as defendant admittedly profited by his efforts.

The order appealed from is affirmed.