H. M. WILCOX v. LESTER SCHLONER.[1]

May 17, 1946.

No. 34,200.

[1]Reported in 23 N. W. (2d) 19.

*A. R. Segal* and *Irvin E. Schermer,* for appellant.
*S. Harry Gainsley,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action to recover damages for personal injuries, medical expenses, and loss of wages alleged to have been occasioned by defendant's negligence in the operation of his automobile. At the trial, at the close of *plaintiff's* testimony, defendant moved for a directed verdict, which was denied. At the close of *all* the testimony the motion was not renewed, and the case was submitted to the jury, which returned a verdict in favor of plaintiff on April 19, 1944.

The following day defendant moved for judgment notwithstanding the verdict or for a new trial. This motion was heard on May 10, 1944. At that time plaintiff objected to the motion on the ground that defendant had failed to move for a directed verdict at the close of the testimony, and hence that under Minn. St. 1941, § 605.06 (Mason St. 1927, § 9495), his motion for judgment notwithstanding the verdict was unauthorized and contrary to law. Defendant then moved the court for leave to move for a directed verdict *nunc pro tunc* as of the close of the testimony. The court thereupon received the motion for a directed verdict *nunc pro tunc*

as of the close of the testimony, ordered that the record of the trial show that said motion was made as of the close of the testimony, and denied the motion as of that time. The court then granted defendant's motion for judgment notwithstanding the verdict.

On appeal, the sole question involved is whether, in the absence of a motion for a directed verdict at the close of the testimony, the court after verdict may entertain such a motion *nunc pro tunc* as of the close of the testimony, modify the record accordingly, deny the same, and thereafter grant defendant's motion for judgment notwithstanding the verdict for plaintiff.

■ Section 605.06 (§ 9495) provides:

"When, at the close of the testimony, any party to the action moves the court to direct a verdict in his favor, and such motion is denied, upon a subsequent motion that judgment be entered notwithstanding the verdict, or notwithstanding the jury has disagreed and been discharged, the court shall grant the same if the moving party was entitled to such directed verdict."

Prior to the enactment of the foregoing section, the trial court was without authority to grant judgment notwithstanding a jury's verdict on the basis of the evidence submitted at the trial. Wilcox v. Wiggins, 166 Minn. 124, 207 N. W. 23; Funkley v. Ridgway, 158 Minn. 265, 197 N. W. 280; Anderson v. Newsome, 193 Minn. 157, 258 N. W. 157; 1 Elliot, Minn. Pr. & Proc. § 815; 3 Dunnell, Dig. & Supp. § 5079.

Subsequent to the enactment of § 605.06 (§ 9495), this court has repeatedly held that failure to move for a directed verdict at the close of the testimony deprives a litigant of the right subsequently to move for judgment notwithstanding the verdict, under the foregoing statute. Our most recent ruling on this question is set forth in Raspler v. Seng, 215 Minn. 596, 598, 11 N. W. (2d) 440, 441, wherein we stated:

"Defendant did not move for a directed verdict at the close of the testimony. Such a motion is a condition precedent to the right to judgment notwithstanding the verdict. Minn. St. 1941, § 605.06

(Mason St. 1927, § 9495); Hemstad v. Hall, 64 Minn. 136, 66 N. W. 366; Sayer v. Harris Produce Co. 84 Minn. 216, 87 N. W. 617; Knight v. Martin, 124 Minn. 191, 144 N. W. 941; Wilcox v. Wiggins, 166 Minn. 124, 207 N. W. 23; Krocak v. Krocak, 189 Minn. 346, 249 N. W. 671. It follows that the trial court properly denied defendant's motion for judgment *non obstante.*"

See, also, Callahan v. City of Duluth, 197 Minn. 403, 267 N. W. 361; Gendler v. S. S. Kresge Co. 195 Minn. 578, 263 N. W. 925; Romann v. Bender, 190 Minn. 419, 252 N. W. 80; Timmins v. Pfeifer, 180 Minn. 1, 230 N. W. 260.

■ Counsel for defendant contends, however, that under the authority of Flower v. King, 189 Minn. 461, 250 N. W. 43, we have modified the foregoing rule to the extent of permitting the trial court to accept a motion for a directed verdict made at a later stage and to act under § 605.06 (§ 9495) as though such motion were made at the proper time. Therein it was stated (189 Minn. 463, 250 N. W. 44):

"* * * The record shows that at the close of the charge *and before the jury was sent out* counsel for defendant stated to the court that he had forgotten to make the motion at the proper time and asked for leave to make it then. The court stated: 'I think the record should show that that was made as though it was made *before the jury retired,* and denied.' *Counsel for plaintiff offered no objection* but left the matter to the court. We think defendants are entitled to ask for judgment notwithstanding the verdict provided plaintiff failed to establish the right to recover." (Italics supplied.)

It is to be noted that in the foregoing case the motion was made *before* the jury had retired and at a stage in the trial proceedings when, had the court granted the motion, it could still have directed the jury as to the verdict to be returned. In substance, the court's ruling permitted defendant to reopen for the purpose of making the omitted motion, a practice well within its discretion. Jakula v. Starkey, 161 Minn. 58, 200 N. W. 811. There, the court specifically directed that the record properly indicate that the motion was

made before the jury retired, as it actually was. In other words, it did not insert something in the record which differed from what actually took place. The motion was made *after* the close of the testimony but *before* the jury retired, and without objection from opposing counsel. In substance, this court correctly held that under such circumstances there was sufficient compliance with the foregoing statute to permit the subsequent motion for judgment *non obstante.*

In the instant case, the motion was made long after the jury had retired and after it had returned a verdict for plaintiff and been discharged. Further, the proceedings which subsequently took place when the court permitted defendant to make the motion *nunc pro tunc* as of the close of the testimony were vigorously opposed by counsel for plaintiff, whose objections were made a matter of record. Under such circumstances, we feel that such facts clearly distinguish this case from Flower v. King, *supra,* and that our ruling therein affords no support for the contentions of defendant here. The rule is so well settled by authorities above cited that to accede to defendant's contentions now would not only constitute a departure from the authorities cited, but would in effect nullify completely the foregoing statute. If, as defendant contends, no useful purpose is served by the statute and justice may at times be thwarted thereby, that is a matter for the legislature and not the court.

■ It may further be stated that an order *nunc pro tunc* is authorized only to correct the record and to supply a deficiency therein caused by the action of the court. As stated in Hampshire Arms Hotel Co. v. Wells, 210 Minn. 286, 288, 298 N. W. 452, 453:

"*Nunc pro tunc* entries of judicial action are permitted to correct the record and in furtherance of justice. A *nunc pro tunc* entry of judgment will be allowed as of the time when the party would otherwise have been entitled to it, if justice requires, *where the delay in entering it is caused by action of the court.* The rule is founded on the maxim that *an act of the court* shall prejudice no one. * * *

"\* \* \* The office of such a *nunc pro tunc* entry is correctly to record, *not to supply*, judicial action. \* \* \* Here there was no clerical mistake to correct. The judgment was entered precisely at the time when court and counsel intended that it should be entered. \* \* \* It is obvious that the court amended the date of the judgment to save the appeal. An entry *nunc pro tunc* cannot validate a premature appeal where, as here, actual entry of judgment is prerequisite to an appeal and the time to appeal dates from the entry. \* \* \* The *nunc pro tunc* amendment of the date of the judgment was a nullity." (Italics supplied.)

The *nunc pro tunc* order here was not made for the purpose of correcting an omission of the court; or because of a clerical error; or to properly record a step in the trial procedure which occurred and which, for some reason, was omitted from the record. On the contrary, it appears that such order was intended to supply a deficiency or omission in the record, caused not by clerical error, or by mistake or oversight on the part of the court, but, rather, by the failure of defendant to take a necessary step at the time required by statute. Under such circumstances, the *nunc pro tunc* order supplying this deficiency must be regarded as a nullity.

Reversed with directions to reinstate verdict and pass upon motion for new trial.