## TED LaNASA v. HOWARD PIERRE.[1]

December 19, 1947.

No. 34,482.

*Alfred R. Sundberg,* for appellant.

*Hoffmann & Donahue,* for respondent.

[1]Reported in 30 N. W. (2d) 32.

LORING, CHIEF JUSTICE.

This is an action for assault and battery. The jury found for plaintiff and assessed his damages at $1,250. Defendant made no motion for a directed verdict at the close of the testimony, but, after verdict was rendered, moved for judgment notwithstanding the verdict or a new trial. The ground on which the motion for new trial was based was that the verdict was not justified by the evidence and was contrary to law.

■ Such being the state of the record, the only question presented to this court is whether any verdict against defendant was justified by the evidence. M. S. A. 605.06 authorizes an alternative motion for judgment notwithstanding the verdict or a new trial only when a motion is made at the close of the testimony for a directed verdict in favor of the moving party. Raspler v. Seng, 215 Minn. 596, 11 N. W. (2d) 440.

■ The motion for a new trial having been made only on the ground above stated, neither errors of law nor excessive damages may be assigned as error in this court, for the reason that fundamentally this court is an appellate court. Where questions of jurisdiction are not involved, it reviews on appeal only questions which have been previously presented to the trial courts. Johnson v. Howard, 25 Minn. 558; Searles v. Thompson, 18 Minn. 285 (316). Therefore, the court's charge, not being challenged in the motion for new trial, is not reviewable here. It has become the law of the case. The question of excessive damages cannot be raised here, because the motion for a new trial did not raise that point.

■ We have carefully examined the record and have found that there was evidence tending to prove that defendant was the aggressor in the altercation which occurred between the parties hereto, both in the matter of the exchange of opprobrious terms and of fisticuffs. The verdict against him is fully justified by the testimony.

Order affirmed.