## HAROLD BRENDSEL v. CLARENCE WRIGHT.

221 N. W. 2d 695.

September 13, 1974—No. 44490.

*Rice, Evans & Christensen* and *Robert Rice,* for appellant.
*Scott & Reutter* and *William P. Scott,* for respondent.

Heard before Otis, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff, Harold Brendsel, commenced this action for damages alleging fraud in the sale to him of 20 calves by defendant, Clarence Wright. Plaintiff alleged that defendant represented that the calves were healthy at the time of the sale when, in fact, they were not. At the close of all the evidence, the trial court decided that the case should be submitted to the jury on the theory of breach of implied warranty, instead of fraud, and granted plaintiff's motion to amend his complaint to that effect. Defendant claimed prejudice in allowing the amendment and in the submission of the case to the jury on the implied warranty theory.

The jury returned a verdict for plaintiff, and defendant has appealed from the denial of his motion for judgment notwithstanding the verdict or for a new trial. We reverse.

Plaintiff lives on a farm near Colman, South Dakota, and defendant lives on a farm near Pipestone, Minnesota, where he is in the business of selling calves. Plaintiff learned that defendant had calves for sale from an advertisement placed by defendant. The first contact plaintiff had with defendant was 2 or 3 weeks prior to July 30, 1971, when plaintiff called defendant and ordered 15 Holstein and 5 Guernsey calves from him. Defendant, in turn, purchased the calves to fill the order from a source in Wisconsin. When the calves arrived on July 30, 1971, defendant notified plaintiff, and plaintiff and his trucker drove to defendant's farm to pick up the calves. Plaintiff examined the calves as a group in a pen at defendant's farm and thought the calves looked "droopy." Upon inquiry, defendant informed plaintiff that the calves were likely tired from the long trip from Wisconsin and that they should "snap right out of it." Plaintiff accepted the calves and returned them to his farm where he placed them in his barn. Plaintiff testified that the barn was clean and dry and that the calves had sufficient food and water available.

Upon returning home with the calves, plaintiff immediately called his veterinarian, Dr. Donald Phillips, to have him inspect

the animals. Dr. Phillips came out the following day, and he testified that at that time the calves looked listless, weak, and gaunt, and that some of them were coughing. He treated all of the calves for enteritis and respiratory problems. The doctor testified that the calves had an early respiratory infection which in some of them was still in the incubation stage. He said that some animals develop respiratory problems as a result of a move.

Dr. Phillips made additional visits to plaintiff's farm to inspect the calves on August 2, 4, and 7, 1971. He testified that the calves did not respond to treatment and that they grew progressively weaker as their respiratory problems worsened. He said that, in his opinion, the calves were suffering from pneumonia, which has an incubation period in cattle of from 1 to 2 weeks.

The calves began to die, and plaintiff had a post-mortem examination performed on the eighth calf to die, which died approximately 12 days after he had received them. The calf upon which the autopsy was performed was similar in appearance and condition to the other calves that died. The autopsy was performed by Thomas D. Ludgate, D.V.M., who determined that the cause of death was long-standing pneumonia. Dr. Ludgate testified that, in his opinion, the calf could have had pneumonia for as long as 2 to 3 weeks before it died and that the calf was sick with pneumonia on July 30, 1971, the date it was purchased. Given the fact that the other calves that died had similar symptoms, Dr. Ludgate said that his opinion would be that all the calves died of pneumonia.

After receiving the results of the autopsy on August 12, 1971, plaintiff called defendant and informed him about the loss of the calves and the cause of their death.

Gerald Kennedy, D.V.M., testified on behalf of defendant. He said that all cattle, even healthy ones, have many organisms present in their upper respiratory systems which can cause pneumonia under the right conditions. Dr. Kennedy said that, in his opinion, it could be determined through a post-mortem examination that a calf had pneumonia of up to 6 to 7 days' dura-

tion, but that a determination of any longer duration would not be possible.

Plaintiff eventually lost 18 of the 20 calves purchased.

The amendment of pleadings is a matter within the discretion of the trial court and the trial court's decision will not be reversed except for an abuse of that discretion. Rule 15.02, Rules of Civil Procedure;[1] Raspler v. Seng, 215 Minn. 596, 11 N. W. 2d 440 (1943); Meagher v. Kavli, 251 Minn. 477, 88 N. W. 2d 871 (1958). An important consideration for the trial court is the prejudice, if any, which may be caused to the objecting party. The party objecting to an amendment has the burden of proving that he will be prejudiced. Raspler v. Seng, *supra*.

Defendant vigorously argues that he has been prejudiced because he was not aware that the case would be submitted to the jury on the implied warranty theory until the court's announcement of that fact after all the evidence was in; that, had he known, he would have asserted the defense that plaintiff did not notify him of the breach of warranty within a reasonable time after plaintiff discovered the breach, as required by the Uniform Commercial Code;[2] and that he would have offered evidence pursuant to Minn. St. 336.2—316(3)(c)[3] to show that implied

---

[1] Rule 15.02, Rules of Civil Procedure, provides in part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

[2] Minn. St. 336.2—607(3) provides: "Where a tender has been accepted

(a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy * * *."

[3] Section 336.2—316(3) provides: "Notwithstanding subsection (2)

* * * * *

(c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade."

warranties did not apply to this sale because of the "course of dealing or course of performance or usage of trade."

Plaintiff argues that his notification to defendant on the twelfth day after the sale was within a reasonable time under all the circumstances and that, in any event, defendant did not advance these specific defenses at the time the amendment of the pleadings was allowed.

While it may well be that defendant will be unable to produce sufficient evidence to support his alleged defenses to the warranty claim, we have concluded that he should be granted a new trial for that purpose. Apparently the issue of breach of implied warranty was completely unanticipated by defendant's counsel, and it appears, in fairness, that defendant was prejudiced when his counsel did not have an adequate opportunity to consider his response to the amendment of the pleadings, based upon a study of the law and prospective evidence. The proposed defenses now alleged by defendant are provided by the Uniform Commercial Code, and we hold that in the interests of justice he should be given the opportunity to develop them at a new trial.

The only other issue raised by defendant is an assertion that in order to be held responsible under an implied warranty he must have had actual knowledge of the alleged defect in the calves at the time of the sale. Assuming that the elements necessary to establish an implied warranty are present, it is clear that knowledge of the defect on the part of the seller is not essential to recovery by the buyer under the code. Sections 336.2—314 and 336.2—315; 67 Am. Jur. 2d, Sales, § 474.

Reversed and new trial granted.