**Doug C. McDONELL, Appellant,**

**v.**

**Ross EGGESTEIN, d/b/a Tri-County Radio, Inc., Respondent.**

**No. CX–84–368.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Denis E. Hynes, St. Cloud, for appellant.

Sheldon R. Brown, Annandale, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

Appellant Doug C. McDonell appeals from the trial court's order vacating a confession of judgment filed on January 11, 1983, under Minn.Stat. § 548.22 (1982), on the ground that the judgment was void pursuant to 11 U.S.C. § 362, the Bankruptcy Code's automatic stay provision. We affirm.

## FACTS

In October 1982 appellant Doug C. McDonell commenced suit against respondents Tri-County Radio, Inc. and Ross Eggestein to recover the value of services he provided to Tri-County between January and February 1982.

On November 10, 1982, Tri-County offered to confess judgment on behalf of Tri-County Radio, Inc. if the lawsuit against Ross Eggestein personally would be dismissed. McDonell agreed to accept the confession of judgment against the corporation and delay filing and docketing the confession of judgment until January 11, 1983, with the understanding that the corporation would attempt to make a $4,000.00 payment in settlement of the claim.

On December 16, 1982, Ross Eggestein, as president of Tri-County Radio, Inc., executed a confession of judgment which was forwarded to McDonell's counsel along with a letter from Tri-County's counsel again suggesting the entry of judgment be withheld until January 11, 1983, to see whether the settlement payment was made.

On December 21, 1982, Tri-County Radio, Inc. filed a petition for reorganization un-

der Chapter 11 of the United States Bankruptcy Code.

On January 12, 1983, McDonell forwarded the confession of judgment to the Clerk of Court for filing, and judgment was entered accordingly. Neither McDonell nor his attorneys were aware of the filing of the bankruptcy case under Chapter 11 until some time after January 21, 1983, when a notice proceeding was received from the clerk of the bankruptcy court.

During the pendency of the bankruptcy proceeding, McDonell took no action to execute on the judgment, and Tri-County took no action to have the bankruptcy court set aside the judgment. The bankruptcy proceeding was dismissed on August 8, 1983.

Some time prior to November 9, 1983, counsel for Tri-County informed counsel for McDonell that all the assets of Tri-County Radio, Inc., had been sold to KMOM, Inc., and that funds to cover the judgment were in an escrow account. However, there are no longer any funds being held in escrow to pay this judgment.

In December 1983 Tri-County moved to vacate the judgment. On January 25, 1984, the trial court entered an order vacating the judgment entered the preceding year.

On February 2, 1984, McDonell moved to amend the conclusions of law and enter a judgment *nunc pro tunc* on August 8, 1983. After a hearing on February 10, 1984, the trial court denied the motion, but entered judgment for McDonell against Tri-County.

McDonell appealed from the trial court's January 25 order.

### ISSUES

1. Is a judgment which is entered in violation of the automatic stay void?

2. Is a confession of judgment a waiver of the automatic stay?

3. Did the trial court err in refusing to enter judgment *nunc pro tunc* as of the date the bankruptcy proceeding was dismissed?

### ANALYSIS

#### I.

■■ Pursuant to section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay of any act by a creditor "to create, perfect, or enforce any lien" against the property of the debtor. 11 U.S.C. § 362(a)(4). Notice of the filing is not necessary for the stay to be effective. *In re Johnson,* 18 B.R. 755, 756 (Bankr.S.D.Ohio 1982); *In re Miller,* 22 B.R. 479, 481 (D.Md.1982).

The automatic stay provides the debtor with a breathing period from his creditors in which the debtor does not have to defend himself from creditors who are racing "to see who can salvage something from the bankrupt estate by obtaining preferential treatment." *Lanesboro State Bank v. Hennessey,* 317 N.W.2d 49, 52 (Minn.1982); *see In re Joe DeLisi Fruit Co.,* 11 B.R. 694, 696 (Bankr.Minn.1981). "The provision is broad. All proceedings are stayed, including judicial proceedings and proceedings not before governmental tribunals." *Hennessey,* 317 N.W.2d at 52. The stay automatically forces the creditor to apply to the bankruptcy court to have the stay lifted. 11 U.S.C. § 362(d).

■ After Tri-County's petition was filed on December 21, 1982, the automatic stay was in force until the case was dismissed on August 8, 1983. 11 U.S.C. § 362; 11 U.S.C. § 349(b). McDonell's judgment was entered on January 12, 1983, and was therefore in violation of section 362. McDonell could have sought relief from the stay pursuant to section 362(d) but chose not to do so. Action in contravention to section 362 is null and void. *In re Associated Real Estate Technicians, Inc.,* 32 B.R. 306, 308 (Bankr.S.D.Ohio 1983) (lien which was recorded after a petition was filed was in contravention to section 362 and therefore "void and without effect").

#### II.

McDonell argues that the confession of judgment operates as an express waiver of the automatic stay.

Courts have upheld waivers of the provisions of the automatic stay which are voluntarily entered into by a debtor. *In re Sando*, 30 B.R. 474 (E.D.Pa.1983), upheld a stipulation waiving the protections offered to a debtor under the automatic stay of the Bankruptcy Code. In *Sando*, however, the stipulation specifically waived the protections of section 362, was executed after the filing of the bankruptcy petition and was approved by the bankruptcy court. *Id.* at 475.

■ In this case, the confession of judgment made no reference to section 362, was executed prior to the petition being filed and was not approved by the bankruptcy court. Tri-County's confession of judgment cannot be construed as a waiver of the automatic stay.

### III.

■ A dismissal of a bankruptcy action puts all the creditors in the same position they were in the date of filing the petition. 11 U.S.C. § 349(b). In this case that date was December 21, 1982. Upon dismissal, the automatic stay is lifted. 11 U.S.C. § 362(c). On December 21, 1982, McDonell had an unfiled confession of judgment. Therefore, the earliest a judgment could have been entered was August 8, 1983. The trial court chose to enter judgment as of February 1984.

■ The doctrine of *nunc pro tunc*, is not a proper remedy in this case.

*Nunc pro tunc* entries of judicial action are permitted to correct the record and in furtherance of justice. A *nunc pro tunc* entry of judgment will be allowed as of the time when the party would otherwise have been entitled to it, if justice requires, where the delay in entering it is caused by action of the court. * * * *

Where the entry is made to correct the record, a *nunc pro tunc* entry presupposes a judgment actually rendered by the court, but not correctly entered through clerical error.

*Hampshire Arms Hotel Co. v. Wells*, 210 Minn. 286, 288, 298 N.W. 452, 453 (1941); *see Wilcox v. Schloner*, 222 Minn. 45, 49–50, 23 N.W.2d 19, 22 (1946).

■ In this case there was no clerical error of the court or the clerk to correct. McDonell improperly filed a confession of judgment on January 12 in violation of the automatic stay. After the dismissal of the bankruptcy proceeding on August 8, McDonell had the opportunity to bring a motion before a state court vacating the January 12 judgment and simultaneously entering judgment pursuant to the confession of judgment executed on December 16, 1982. The delay in seeking a vacation of the judgment and the simultaneous recording of a new one was that of the parties, not the court.

### DECISION

McDonell's judgment, which was entered in violation of the automatic stay provision of the Bankruptcy Code, was void. A confession of judgment is not a waiver of the automatic stay. Judgment *nunc pro tunc* was not a proper remedy.

Affirmed.