HAMPSHIRE ARMS HOTEL COMPANY v. P. A. WELLS.[1]

May 9, 1941.

Nos. 32,730, 32,777.

[1]Reported in 298 N. W. 452.

*Charles E. Carlson, Charles E. Carlsen, Jr.,* and *P. A. Wells,* for appellant P. A. Wells.

*Best, Flanagan & Rogers* and *Leonard W. Simonet,* for appellant Hampshire Arms Hotel Company.

PER CURIAM.

On September 27, 1940, plaintiff recovered a verdict of guilty against defendant in an unlawful detainer proceeding entitling it to enter a judgment thereon for the restitution of the premises involved. On September 28, 1940, defendant served notice of appeal from the judgment although judgment had not then been entered.

Judgment was entered at defendant's request on October 17. The time to appeal therefrom expired on October 27. On October 29, plaintiff served notice to dismiss the appeal as prematurely taken. On November 4, 1940, the judge who tried the case made and filed an *ex parte* order amending and changing the date of the judgment *nunc pro tunc* from October 17, 1940, to September 27, 1940.

Judgment may be entered in the municipal court on a verdict or decision by application to the clerk and payment of the proper fee. Judgment is not entered by the clerk on his own motion. Neither plaintiff nor defendant requested the clerk to enter judgment until October 17, 1940. The delay was that of the parties, not the court. The record of the proceedings was true and correct, and there was no clerical error of the court or the clerk to correct.

Thereupon plaintiff moved to vacate and set aside, upon numerous grounds, the order of November 4 amending the date of the judgment. The motion was denied. Plaintiff appeals from the order denying the motion.

■ An appeal from a judgment does not lie until the judgment has been actually entered. An appeal from a judgment should be dismissed as premature where it is taken before it has been entered. Merchants & Mfrs. State Bank v. Hanson, 181 Minn. 627, 231 N. W. 617; 1 Dunnell, Minn. Dig. (2 ed.) § 316. Unless the order amending the date of the judgment *nunc pro tunc* can be sustained, the appeal should be dismissed.

■ *Nunc pro tunc* entries of judicial action are permitted to correct the record and in furtherance of justice. A *nunc pro tunc* entry of judgment will be allowed as of the time when the party would otherwise have been entitled to it, if justice requires, where the delay in entering it is caused by action of the court. The rule is founded on the maxim that an act of the court shall prejudice no one. The most common case for the application of the rule is that in which a party dies pending the delay. This is not a case of delay caused by the court, but by the parties. The amendment was not permissible, unless it was proper to correct the record.

Where the entry is made to correct the record, a *nunc pro tunc* entry presupposes a judgment actually rendered by the court, but not correctly entered through clerical error. The office of such a *nunc pro tunc* entry is correctly to record, not to supply, judicial action. The record of a judgment presently *(nunc)* made is given effect as of a prior time *(tunc)* when it should have been entered. A court can give effect to a judgment as of an earlier time only when the judgment was rendered at that time. Here there was no clerical mistake to correct. The judgment was entered precisely at the time when court and counsel intended that it should be entered. At the time the judgment was entered the appeal was premature and subject to dismissal. Another appeal could have been, but was not, taken after the entry of judgment. When the judgment was amended, an appeal could not be taken therefrom because the time to appeal had expired. It is obvious that the court amended the date of the judgment to save the appeal. An entry *nunc pro tunc* cannot validate a premature appeal where,

as here, actual entry of judgment is prerequisite to an appeal and the time to appeal dates from the entry. 1 Freeman, Judgments (5 ed.) § 139. Compare, Guarantee T. & S. Deposit Co. v. P. R. & N. E. R. Co. 160 N. Y. 1, 54 N. E. 575; Shields v. Amicable L. Ins. Co. (Tex. Civ. App.) 287 S. W. 293. The *nunc pro tunc* amendment of the date of the judgment was a nullity.

It follows that the appeal stands as having been taken before the judgment was entered and must be dismissed as premature.

The order denying plaintiff's motion to vacate and set aside the order amending the judgment is reversed.

Defendant's appeal from the judgment is dismissed.

