**In re the Marriage of Gayle KENVILLE, Petitioner, Respondent,**

**v.**

**Thomas KENVILLE, Appellant.**

**No. C5-85-1955.**

Court of Appeals of Minnesota.

April 22, 1986.

Kevin T. Duffy, David M. Olin Law Offices, Thief River Falls, for respondent.

Kenneth F. Johannson, Dickel, Johannson, Wall, Taylor, Rust & Schmitz, Crookston, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

In this dissolution action, Thomas Kenville appeals the trial court's award of maintenance and its valuation and distribution of property and debts. We affirm.

## FACTS

The parties were married in 1963 in Grand Forks, North Dakota. Two children were born of the marriage. The parties acquired a home in Thief River Falls, Minnesota, in 1974. The trial court found that the market value of the home was $120,000.

In 1971, after his tour of active duty in the United States Air Force, appellant entered the automobile business while working in a GM dealership in Grand Forks. He eventually purchased his own GM dealership in Thief River Falls. This dealership was subsequently sold when appellant entered into a partnership operating another GM dealership in Grand Forks. This dealership failed and its assets were sold. Appellant returned to military service as a part-time pilot with the North Dakota Air National Guard, in which he currently holds the rank of Lieutenant Colonel. The trial court found that appellant's adjusted gross income in 1984 was $88,000, which included income from the Air National Guard in the amount of $38,769.28.

Respondent has primarily been a homemaker throughout the marriage; within the last ten years, however, she has also been active in the management of Thomas Leasing, Inc., a corporation formed by the parties in 1976.

In 1976 the parties formed an automobile leasing and rental business, Thomas Leasing, in Thief River Falls. The evidence indicates that this business has been beset by financial problems. Appellant originally owned all the stock in Thomas Leasing. In 1982 he transferred all of it to his wife. He admits that he did so in order to avoid his creditors. In 1984, respondent in turn transferred the stock to her mother. She testified that she did so in satisfaction of a loan of $8,000 which she had borrowed from her parents in order to keep Thomas Leasing afloat.

Appellant is one of four partners who purchased 57 acres of undeveloped land west of Thief River Falls for investment purposes. Appellant has a 25% interest in the partnership. The value of this interest is disputed by the parties; the trial court found its reasonable market value to be $13,000.

The trial court ordered appellant to pay $1,500 per month in maintenance and awarded the parties' homestead to respondent, subject to all encumbrances. The court valued and divided various other property and debts between the parties, and awarded respondent a lien against all property awarded to appellant for the maintenance and child support arrearages he owed. As evaluated by the trial court, net assets less debts awarded to the respondent totaled $30,427; net assets less debts awarded to the appellant totaled $28,929. Judgment was entered against appellant for $3,000 in arrearages in temporary

maintenance and support; judgment for another $5,700 arrearages had previously been entered against appellant.

In its memorandum of law denying appellant's post-trial motions, the trial court stated:

> At the outset of this memorandum [the] Court would like to note that this has been a particularly prolonged, bitter dissolution, marked with repeated motions and hearings preliminary to the actual trial. By the time the case was reached for trial, [appellant] had only paid [respondent] the sum of $300 support and the Court previously had found [appellant] in contempt of court for failure to make payment to [respondent] and support of his minor daughter. [Appellant] at the time of trial admitted that he had failed to make payment as ordered by the Court and gave as his reason the fact that he didn't have any confidence in his wife's ability to manage money. In reply his wife testified that the [appellant] had bragged on more than one occasion that he was never going to pay her one dime and would see to it that she never got anything. [Appellant's] business and investment failures are protracted, complicated and indicate at least some lack of business judgment on the part of [appellant]. Further, [appellant's] disclosures herein and his testimony lacked certain credibility, his open defiance of the Court orders does not entitle [appellant] to any particular sympathy by the Court. [Appellant's] affidavits and his testimony are inconsistent and oftentimes contradictory causing a great deal of difficulty for the Court to know exactly what [appellant's] assets are and the values thereof.

Our review of the trial transcript fully supports these conclusions by the trial court.

## ISSUES

1. Did the trial court abuse its discretion in its award of maintenance to the respondent?

2. Did the trial court abuse its discretion in not including the stock of Thomas Leasing, Inc. as a marital asset?

3. Was the trial court's valuation of the parties' property clearly erroneous?

4. Did the trial court abuse its discretion in its division of the parties' property?

## ANALYSIS

■ 1. It is axiomatic that in dissolution cases the trial court is accorded a broad discretion with respect to the award of maintenance and division of property. In *Bollenbach v. Bollenbach,* 285 Minn. 418, 175 N.W.2d 148 (1970), the supreme court stated:

> This court, when called upon to review the exercise of trial court discretion in a case such as this, *will and must* affirm the decision of the trial court if it has *an acceptable basis in fact and principle* even though we might have reached a different disposition of the problem.

*Id.* at 426–27, 175 N.W.2d at 154 (emphasis added) (footnote omitted). The supreme court recently reaffirmed the *Bollenbach* rule in *Rohling v. Rohling,* 379 N.W.2d 519 (Minn.1986).

The trial court awarded respondent maintenance in the amount of $1,500 per month for a period of five years. *Bollenbach* dictates that we must affirm this award if it has "an acceptable basis in fact and principle."

Although the respondent has been somewhat active in various family-owned businesses, particularly Thomas Leasing, she has worked primarily as a homemaker during the 22-year history of this marriage. She graduated from the University of North Dakota with a degree in home economics, but never became certified to teach that subject. The trial court found that she is presently receiving no salary from Thomas Leasing, although she expects to receive $1,000 to $1,500 per month for her services. She suffers from a partial disability of her back, and testified that she was able to do only a limited amount of work at Thomas Leasing.

The evidence indicates that during the marriage the parties enjoyed a comfortable standard of living. They extensively renovated their home in about 1979, and built an outdoor swimming pool. They always had a new car, had a cleaning person, did a lot of entertaining, and went on numerous trips.

Awards of maintenance are governed by Minn.Stat. § 518.552 (Supp.1985). The trial court found:

> That pursuant to M.S. 518.552, Minnesota Statutes, 1985, the Court finds that Gayle Kenville lacks sufficient property, including marital property apportioned to her to provide for her reasonable needs, considering the standard of living established during the marriage and is unable to provide herself and minor child adequate self-support, which relevant circumstances include her partial disability to her back and her lack of work experience.

Based on these findings and on the evidence introduced at trial, the trial court's award of $1,500 per month as maintenance has an acceptable basis in fact and principle and must be affirmed.

■ 2. The trial court found that respondent assigned all of her stock in Thomas Leasing to her mother in full satisfaction of an $8,000 loan, and that respondent's mother thereby became the sole owner of the stock.

Appellant argues that the $8,000 loan to respondent from Pearl Kielty was "in all probability a gift." There is no evidence in the record to support this assertion. Appellant also argues that the stock was worth substantially more than $8,000, and that respondent assigned the stock to her mother in order to dissipate a marital asset so as to reduce the amount available for distribution.

The value of the stock was, however, disputed at trial. Appellant introduced evidence at trial that the corporation's assets were worth $102,300, exclusive of goodwill.

Respondent, however, testified that Thomas Leasing had debts of approximately $600,000 at the time of trial. An accountant testified that the corporation showed a positive stockholders' equity in 1978 and 1980, but a negative stockholders' equity in 1979, 1981, 1982, and 1983, the years for which financial statements were available.

The liabilities of a corporation are taken into account in determining the value of its stock. *See* 18 Am.Jur.2d *Corporations* §§ 219, 220; Annot., 51 A.L.R.2d 606 § 10 (1957). In light of the disputed testimony in this case regarding the value of the stock, the trial court's finding that the assignment of the stock was in full satisfaction of the debt was not clearly erroneous. The trial court did not abuse its discretion by not including the stock as a marital asset.

■ 3. Appellant argues that the trial court clearly erred in its valuation of the parties' home, household property and furnishings, appellant's interest in the real estate partnership, his equity interest in a private airplane, and the inventory of a diet foods business.

In *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975), the Minnesota Supreme Court held that:

> Assigning a specific value to an asset is a finding of fact; disputes as to asset valuation are to be addressed to the trier of fact, and conflicts are to be resolved in that court. Such findings of fact, when made without a jury, shall not be set aside unless clearly erroneous on the record as a whole.

> Furthermore, valuation is necessarily an approximation in many cases, and it is only necessary that the value arrived at lies within a reasonable range of figures. Thus, the market valuation determined by the trier of fact should be sustained if it falls within the limits of credible estimates made by competent witnesses even if it does not coincide exactly with the estimate of any one of them.

(Citations omitted.) We are not a trial court, and appellant is not entitled to *de novo* review of the facts on appeal. We have carefully reviewed the record and conclude that there was no clear error in the trial court's valuation.

█ 4. Appellant argues that the trial court abused its discretion in its division of the parties' property.

Courts have considerable discretion to divide marital assets between the parties, and this court on appeal need only determine whether the division has "an acceptable basis in fact and principle." *Rohling,* 379 N.W.2d at 522; *Bollenbach,* 285 Minn. at 426–27, 175 N.W.2d at 154.

The trial court awarded appellant net assets, less debts, in the amount of $28,929 and awarded respondent net assets, less debts, in the amount of $30,427. This does not constitute a clear abuse of discretion.

█ Appellant argues that the trial court abused its discretion by not including his 1984 state and federal income taxes in the amount of $21,000, and $13,000 in FICA taxes allegedly owed to the IRS. The trial court found, however, that neither party had filed 1984 tax returns at the time of trial and this is not disputed by appellant. The alleged FICA debt was sharply disputed at trial; respondent claimed that this liability had been discharged in full. We hold that the trial court did not abuse its discretion in not including these alleged liabilities in the property division.

A review of the computations submitted by appellant in his brief shows that he has padded his column of debts with items that are *clearly* not to be taken into account in a property division. Appellant has included the June 11 and August 9, 1985 judgments for maintenance and child support arrearages in his column of debts, as well as $11,998 in past due attorney's fees.

## DECISION

The decision of the trial court is affirmed.