**Mary GARVEY, Respondent,**

v.

**Vernon GARVEY, Appellant.**

**No. C4–85–1932.**

Court of Appeals of Minnesota.

July 8, 1986.

Richard J. Battis, St. Paul, for respondent.

Robert W. Mudge, Gilbert, Mudge, Porter & Lundeen, Hudson, Wis., for appellant.

Heard, considered, and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

### OPINION

RANDALL, Judge.

Respondent sued appellant on a $7,500 promissory note executed when the parties were still married. The case was tried

August 10, 1983. The trial court did not hand down its order until 1985. Judgment was entered September 12, 1985. Appellant did not file a post-trial motion, and appealed from the September 12, 1985, judgment. We affirm.

## FACTS

The parties were divorced in Oregon in 1976. In 1975 appellant borrowed $7,500 from respondent and executed in her favor a two-year promissory note. Respondent testified that appellant coerced her into giving him the loan. Appellant denies this.

Appellant claims he paid the debt by making a $3,777.25 contribution toward the down payment on respondent's home and by allowing respondent to keep appellant's share of the proceeds from the sale of respondent's home, located in Arizona. Appellant contends the parties orally agreed that these moneys would satisfy the lien. Respondent disputes this claim. Respondent neither marked the note "paid" nor returned it to appellant, and she claims the moneys mentioned by appellant were payments for other obligations. She claims appellant agreed to contribute to the down payment in return for being able to stay occasionally at the Arizona home. The parties agree that appellant stayed at respondent's home once every six weeks, for one to three days at a time, to visit with the parties' children. Respondent also claims appellant reaffirmed the debt as recently as 1982, one year before trial.

Appellant also contends that the parties' divorce decree extinguished the debt. The decree did not specifically mention the note. The decree provided:

This is a full and final settlement of all property rights arising out of the marriage of the parties, and except for matters and things to be done and performed hereunder and pursuant hereto, each party does hereby release the other of any and all claims arising out of the marriage which either party may have or may have had.

The trial court found that this language did not extinguish appellant's promissory note obligation. The court also found that while respondent received money from appellant from time to time, appellant made no payments on the note and was obligated on the note.

We affirm.

## ISSUES

1. Did the trial court abuse its discretion in delaying entry of judgment until two years after the trial?

2. Is the evidence sufficient to support entry of judgment against appellant?

## ANALYSIS

### I.

*Delay in Entry of Judgment*

Appellant argues, without any authority, that the trial court's failure to enter judgment until two years after trial was *per se* an abuse of discretion. He claims the time delay denied him the right to a fair trial. Appellant argues that a typographical error made by the trial court, erroneously showing that the case came to trial in 1985 rather than 1983, is an indication that the court did not remember the trial.

Respondent argues that the delay equally influenced both parties, and that the court did have the benefit of written memorandum of both parties, as well as its notes from the trial to refresh its recollection. Respondent notes that the trial was simple and straightforward, involving only two exhibits.

Neither party sought sanctions against the trial court during the two year interval before entry of judgment.

Minn.Stat. § 546.27 (1984) states:

When an issue of fact has been tried by the court, the decision shall be in writing, the facts found and the conclusion of law shall be separately stated, and judgment shall be entered accordingly. All questions of fact and law, and all motions and matters submitted to a judge for a decision in trial and appellate matters, shall be disposed of and the

decision filed with the clerk within 90 days after such submission, unless sickness or casualty shall prevent, or the time be extended by written consent of the parties. No part of the salary of any judge shall be paid unless the voucher therefor be accompanied by a certificate of the judge that there has been full compliance with the requirements of this section.

Appellant claims that the court's failure to enter its order within ninety days is a violation of Minn.Stat. § 546.27 and entitles him to a new trial or, in the alternative, to independent findings of fact, conclusions of law, and order for judgment to be entered by this court.

■ Appellate courts "may reverse, affirm or modify the judgment * * * appealed from or take any other action as the interest of justice may require." Minn.R. Civ.App.P. 103.04. This court will not review the facts de novo. Kenville v. Kenville, 385 N.W.2d 398, (Minn.Ct.App.1986). This court will not set aside findings of fact made by a trial court unless the findings are clearly erroneous, having given due regard for the opportunity of the trial court to judge the credibility of the witnesses. Minn.R.Civ.P. 52.01. See Tonka Tours v. Chadima, 372 N.W.2d 723, 726 (Minn.1985). There is no authority for the proposition that a delay in entry of judgment is, by itself, grounds for a new trial.

■ Minn.Stat. § 546.27 is directory and designed "merely to secure order, uniformity, system and dispatch in public business." Wenger v. Wenger, 200 Minn. 436, 438, 274 N.W. 517, 518 (1937). Section 546.27 contains its own sanction for noncompliance, but does not provide a private cause of action to litigants.

Nothing in the record indicates a reason for the two-year delay. However, appellant showed no actual prejudice nor a correlation between the delay and the fact that he lost. We hold that court delay in issuance of an order is, alone, an insufficient basis on which to mandate a new trial.

## II.

*Sufficiency of the Evidence*

■ Appellant argues that the evidence is insufficient to support entry of judgment against him. He claims he paid respondent $3,777.25 in February and March, 1976 not to live in her home, as she contends, but as payment on the note; that he was entitled to collect, but allowed respondent to keep $12,000 from the proceeds of the sale of the Arizona home; that respondent admits receiving payments; that because the parties had a bitter divorce it is unlikely appellant would have paid respondent $3,777.25 to live in respondent's home; and that the divorce decree released the parties from all marital debts to each other.

Respondent claims appellant failed to prove that the $3,777.25 payment was to reduce his indebtedness on the note. She also argues that because appellant did not raise accord and satisfaction as a defense, no pre-trial discovery on the real estate transaction was possible. Respondent introduced evidence tending to show that she had received no payment on the note, and that the money appellant refers to was paid by appellant to satisfy terms of the dissolution decree.

The trial court found appellant had made no payment on the note, owed respondent the full amount of the principal plus interest on the note, and that the decree did not absolve appellant of liability on the note.

This is a factual dispute:

A trial court's findings of fact must be upheld unless "clearly erroneous." Minn.R.Civ.P. 52.01. On appeal, this court must view the evidence in the light most favorable to the prevailing party. The trial court's findings will not be reversed if the evidence fairly and reasonably tends to support them. Lesmeister v. Dilly, 330 N.W.2d 95, 100 (Minn.1983); Gordon v. Hoffman, 303 N.W.2d 250, 252 (Minn.1981).

Schalow v. Mason, 370 N.W.2d 475 (Minn. Ct.App.) pet. for rev. denied (Sept. 13, 1985). We hold the evidence supports the

court's findings and we will not disturb them on appeal.

### DECISION

A two-year delay in issuance of a judicial order does not, by itself, entitle appellant to a new trial. Sufficient evidence supported the trial court's finding that appellant had made no payment on the note and was indebted to appellant for the total principal plus interest under the note's terms.

Affirmed.