In the Matter of DULUTH READY–MIX CONCRETE, INC., Appellant,

v.

CITY OF DULUTH, Respondent.

CITY OF DULUTH, Respondent,

v.

DULUTH READY–MIX CONCRETE, INC., Appellant.

Nos. C2–94–1094, C4–94–1095.

Court of Appeals of Minnesota.

Aug. 30, 1994.

A. Blake MacDonald, Duluth, for appellant.

David R. Oberstar, William P. Dinan, Duluth City Atty., Thomas J. Schindler, Asst. City Atty., Duluth, for City of Duluth.

Considered at Special Term and decided by SIMONETT, C.J., and KALITOWSKI and KLAPHAKE, JJ.

## SPECIAL TERM OPINION

SIMONETT, Chief Judge.

### FACTS

Appellant Duluth Ready–Mix Concrete, Inc. leased premises owned by respondent City of Duluth. In April 1993, respondent gave appellant notice to vacate the premises. Appellant then filed a petition in the district court seeking a determination of its right to possession of the premises and for relocation benefits under Minn.Stat. § 117.52 (1992). While the petition was pending, respondent brought an unlawful detainer action. The district court consolidated the proceedings and delayed ruling on the relocation benefits claim until after the unlawful detainer trial was concluded.

Respondent prevailed at trial in the unlawful detainer action. By order for judgment dated March 25, 1994, the district court directed that the writ of restitution be issued immediately. Although the writ of restitution was issued on March 25, 1994, no judgment of restitution was entered pursuant to the March 25 order. By order on April 28, 1994, the district court directed entry of judgment nunc pro tunc to March 25.

By order on April 1, 1994, the district court granted respondent's motion for summary judgment and dismissed appellant's claim for relocation benefits. Judgment was entered on April 1, 1994.

On May 26, 1994, appellant filed by mail separate appeals from the April 1 and March 25 judgments (C2–94–1094 and C4–94–1095, respectively). This court granted appellant's motion to consolidate the appeals. Respondent moves to dismiss, claiming the appeals are untimely.

## DECISION

1. A "special proceeding" has been broadly defined as a "generic term for civil remedies that are not ordinary actions." *County of Stearns v. Schaaf,* 472 N.W.2d 191, 192 (Minn.App.1991). This court already has identified unlawful detainer actions as special proceedings. *See Tonkaway Ltd. Partnership v. McLain,* 433 N.W.2d 443, 443 (Minn. App.1988).

A claim for relocation benefits under Minn. Stat. §§ 117.50–.56 is also a "special proceeding" within the meaning of Minn.R.Civ. App.P. 103.03(g). Sections 117.50–.56 comprise a portion of the eminent domain statute. Eminent domain proceedings are "special proceedings." *Antl v. State,* 220 Minn. 129, 133, 19 N.W.2d 77, 79 (1945). A claim for relocation benefits meets the criteria for a special proceeding because it is commenced by petition or motion, upon notice, to obtain special relief. *See Chapman v. Dorsey,* 230 Minn. 279, 283, 41 N.W.2d 438, 440 (1950).

Unless a different appeal time is provided by statute, an appeal from the final judgment in a special proceeding must be taken within 30 days after an adverse party serves notice of filing. *See* Minn.R.Civ. App.P. 104.03, 104.01; *Hofseth v. Hofseth,* 456 N.W.2d 99, 101 (Minn.App.1990). The 30–day appeal period under rule 104.03 applies to the adjudication of a claim for relocation benefits, because that statute does not provide for a different appeal time. But the unlawful detainer statute limits the appeal period to 10 days after judgment is entered. *See* Minn.Stat. § 566.12 (1992).

Because the district court consolidated the claim for relocation benefits and the unlawful detainer action, the time to appeal did not begin until both actions were adjudicated. *See Krmpotich v. City of Duluth,* 449 N.W.2d 507, 509 (Minn.App.1989) (unless the district court certifies a partial judgment for immediate review, a judgment that does not finally determine the entire consolidated action is not appealable). When, as here, the individual actions have different appeal times, the longer appeal period is applicable to the final judgment in the consolidated proceedings. *See State Bank of Rose Creek v. Commerce Comm'n,* 305 N.W.2d 794, 797 (Minn.1981) (in consolidated proceedings, the shorter appeal period for one of the actions merges with the longer appeal period for the other action). The appeal period expires 30 days after an adverse party serves notice of filing of the final judgment. Minn.R.Civ. App.P. 104.01.

3. Respondent argues that these appeals are untimely, because it served a copy of the March 25, 1994 writ of restitution in the unlawful detainer action on March 28, 1994, and a copy of the April 1 judgment on the relocation benefits claim on April 1, 1994. Although the unlawful detainer judgment is dated March 25, 1994, the judgment was not actually entered until April 28, 1994, pursuant to the district court's direction for entry of judgment nunc pro tunc.

A nunc pro tunc entry presupposes a judgment actually rendered by the court, but not correctly entered through clerical error. *Hampshire Arms Hotel Co. v. Wells,* 210 Minn. 286, 288, 298 N.W. 452, 453 (1941). The nunc pro tunc rule is "founded on the maxim that an act of the court shall prejudice no one." *Id.*

Consistent with the remedy of nunc pro tunc as a means of correcting the record without prejudicing the parties, we hold that entry of judgment nunc pro tunc cannot operate to cut off a party's appeal rights. In this case, the date of the judgment for appeal purposes is April 28, because appellant could not have appealed until the judgment was actually entered. *See Schaust v. Town Bd. of Hollywood Township,* 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973) (appeal from judgment prior to entry is premature and must be dismissed). Respondent's service on March 28 of the writ of restitution was not effective to limit the time to appeal the judgment because judgment had not been entered when the service was made. *See Hofseth,* 456 N.W.2d at 101 (service of notice of order for judgment before judgment was entered did not limit time to appeal judgment).

4. Respondent's service was also ineffective to limit the appeal time because it appears respondent served only copies of the March 25 writ of restitution and the April 1

judgment, rather than the required notice of filing. At a minimum, a notice of filing must be a separate document that calls the recipient's attention to what was filed and when. *See Levine v. Hauser*, 431 N.W.2d 269, 270 (Minn.App.1988).

■■ A copy of the appealable order or judgment may accompany the notice of filing. This court will construe the notice and any attachments as a whole in determining whether the notice is effective to limit the time for appeal. *See In re Establishment of County Ditch No. 11*, 511 N.W.2d 54, 57 (Minn.App.1994), *pet. for rev. denied* (Minn. Mar. 31, 1994). But service of the appealable order or judgment without the required notice does not limit the time to appeal.

**Motion to dismiss appeal denied.**