COUNTY OF WASHINGTON, petitioner, Respondent,

v.

TMT LAND V, LLC, Appellant,

County of Washington, Respondent Below.

No. A10–823.

Court of Appeals of Minnesota.

Nov. 23, 2010.

Doug Johnson, Washington County Attorney, Richard D. Hodsdon, James C. Zuleger, Assistant County Attorneys, Stillwater, MN, for respondent.

Bruce D. Malkerson, Bradley J. Gunn, Howard A. Roston, Malkerson Gunn Martin LLP, Minneapolis, MN, for appellant.

Considered and decided by
SCHELLHAS, Presiding Judge;
SHUMAKER, Judge; and COLLINS,
Judge.*

## OPINION

SCHELLHAS, Judge.

On appeal from the district court's order amending the effective date of entry of judgment upon a special verdict in this quick-take condemnation dispute, appellant landowner argues that (1) the district court erred by ordering the entry of judgment *nunc pro tunc* thereby amending the date of entry of judgment to a date prior to the effective date of Minn.Stat. § 549.09, subd. 1(c) (Supp.2009), and (2) appellant is entitled to interest on its judgment at the rate of ten percent per annum

under Minn.Stat. §§ 117.195 (2008) and 549.09, subd. 1(c) (Supp.2009). We reverse and remand.

## FACTS

Appellant TMT Land V LLC (TMT) owned land in Woodbury. In 2006, Washington County acquired title to a portion of the land by a quick-take condemnation proceeding under Minn.Stat. § 117.042 (2008). The district court conducted a jury trial on the issue of just compensation. On June 18, 2009, in a verdict entitled "Special Verdict Form" consisting of four interrogatories, a jury awarded TMT $380,658 as total just compensation.

On August 10, the district court contacted the parties, seeking guidance about the entry of judgment. Nothing in the record suggests that either party asked the district court to enter judgment based on the jury's verdict prior to this date. On August 18, the district court ordered entry of judgment against the county and in favor of TMT "in the amount of $380,658, together with such costs and disbursement as may be taxed and allowed." The court administrator entered judgment on October 30, 2009.

The record reveals that only *after* judgment was entered on October 30, 2009, did the district court and the parties become aware of the 2009 amendment to Minn. Stat. § 549.09, subd. 1(c) (2008), effective August 1, 2009, increasing the interest rate applicable to judgments over $50,000 finally entered on or after that date to ten percent per annum.[1] *See* 2009 Minn. Laws ch. 83, art. 2, § 35, at 1054–55. When the parties could not agree about the applica-

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Effective April 16, 2010, the legislature again amended section 549.09, subd. 1(c), to exclude "the state or a political subdivision of the state" from the application of the ten-percent interest rate to judgments finally entered on or after that date. 2010 Minn. Laws ch. 249, § 1, at 413–14.

tion of section 549.09, they sought relief from the district court. TMT maintained that it was entitled to interest on the judgment at the rate of ten percent per annum under the amendment to section 549.09 effective August 1, 2009, and the county maintained that because the jury returned its verdict on June 18, 2009, the applicable annual rate of interest was five percent during 2007 and four percent during 2008 and 2009, under Minn.Stat. § 549.09, subd. 1(c) (2008). The county asked the court to issue an order *nunc pro tunc* to amend the date of entry of the judgment from October 30 to June 18 or 19. The court agreed that the date of entry of the judgment should be amended, issued the *nunc pro tunc* order amending the entry of judgment to June 28, and dismissed TMT's motion for ten-percent interest on the judgment as moot. This appeal follows.

## ISSUE

Did the district court abuse its discretion by ordering entry of judgment *nunc pro tunc* to amend the date of entry of judgment from October 30, 2009 to June 28, 2009?

## ANALYSIS

■■■ Whether to issue an order *nunc pro tunc* is within the discretion of the district court. *See Mitchell v. Overman*, 103 U.S. 62, 65, 26 L.Ed. 369 (1880) ("A *nunc pro tunc* order should be granted or refused, as justice may require in view of the circumstances of the particular case."); *Hampshire Arms Hotel Co. v. Wells*, 210 Minn. 286, 288, 298 N.W. 452, 453 (1941) ("*Nunc pro tunc* entries of judicial action are permitted to correct the record and in furtherance of justice."). In this case, we must decide whether the district court abused its discretion by issuing its order for entry of judgment *nunc pro tunc* to amend the date of entry of judgment.

■■■ *Nunc pro tunc* is Latin and means "now for then." *Black's Law Dictionary* 1174 (9th ed.2009). The term describes a "retroactive legal effect through a court's inherent power." *Id.* A *nunc pro tunc* entry of judgment is allowed "only to correct the record and to supply a deficiency therein caused by the action of the court." *Wilcox v. Schloner*, 222 Minn. 45, 49, 23 N.W.2d 19, 22 (1946). A *nunc pro tunc* order may be used for "correcting an omission of the court," fixing a clerical error, or properly recording a step in the trial procedure which occurred but was omitted from the record. *See id.* at 50, 23 N.W.2d at 22. A *nunc pro tunc* order may not be used to "supply a deficiency or omission in the record, caused not by clerical error, or by mistake or oversight on the part of the court, but, rather, by the failure of [a party] to take a necessary step at the time required by statute." *Id.; see also Hampshire Arms*, 210 Minn. at 288–89, 298 N.W. at 453 (holding a *nunc pro tunc* order a nullity where the court amended the date of judgment to save a prematurely filed appeal); *Duluth Ready–Mix Concrete, Inc. v. City of Duluth*, 520 N.W.2d 775, 777 (Minn.App. 1994) (holding that entry of judgment *nunc pro tunc* cannot be used to eliminate a party's right of appeal).

■■■ A court may enter judgment *nunc pro tunc* "as of the time when the party would otherwise have been entitled to it, if justice requires, where the delay in entering it is caused by action of the court." *Hampshire Arms*, 210 Minn. at 288, 298 N.W. at 453. But "[a] court can give effect to a judgment as of an earlier time *only* when the judgment was rendered at that time." *Id.* (emphasis added).

■■■ When the district court in this case addressed the county's request for a *nunc pro tunc* order amending the date of

entry of judgment, it considered the application of Minn. R. Civ. P. 58.01. "Because this rule is not inconsistent or in conflict with any of the provisions of Minn.Stat. ch. 117, it is applicable to eminent domain cases." *City of Maplewood v. Kavanagh*, 333 N.W.2d 857, 861 (Minn.1983) (citing Minn. R. Civ. P.App. A). We review the district court's application of a procedural rule de novo. *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn.2008). "The words of a court rule, like those of a statute, must be taken and construed in the sense in which they were understood and intended at the time the rule was promulgated." *Id.* (quoting *House v. Hanson*, 245 Minn. 466, 473, 72 N.W.2d 874, 878 (1955)). "We do not examine the rules in isolation, but instead read them in light of one another and interpret them according to their purpose." *Id.* (quotations omitted).

Rule 58.01 provides that

judgment upon the verdict of a jury ... for the recovery of money only ... shall be entered *forthwith by the court administrator; but the court* shall direct the appropriate judgment to be entered upon a *special verdict* or upon a *general verdict accompanied by answers to interrogatories* returned by a jury.

(Emphasis added.) Here, the district court concluded that regardless of whether the jury's verdict was a verdict for money only or a general verdict accompanied by answers to interrogatories, "judgment should have been entered either 'forthwith' or as directed by the Court." With respect to the language in rule 58.01 that requires the court administrator to enter judgment forthwith, the district court determined that, "forthwith" means "within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch" and "deem[ed] that a time frame of ten (10) days would both be reasonable

and prompt under the circumstances of the case and therefore within the meaning of Rule 58.01's requirement for entry 'forthwith.'" The court further stated:

Alternatively, if [TMT's] view of the case is adopted and the verdict were a general verdict with interrogatories, then the Court had an affirmative duty to direct entry of the appropriate verdict at some point in time after the verdict was read. The rule does not specify a time requirement for the Court to direct entry of judgment. It seems logical that the law would impose a requirement that it should have been done within a 'reasonable' time after the verdict was rendered.

The Court must always act reasonably and according to the law. Accordingly, the court should also act pursuant to this mandatory duty 'within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch.' The Court cannot discern any reason why a longer time frame would be reasonable for the Court than that which is required for the court administrator.

The jury rendered its verdict on June 18, 2009. The Court believes that a reasonable time for directing entry, assuming no intervening events, should have been no more than ten (10) days. Accordingly, whichever portion of Rule 58.01 is followed, judgment should have been entered no later than June 28, 2009 in this case.

(Footnote omitted.)

Citing Minn.Stat. § 117.185 (2008), Minn. R. Civ. P. 58.01, and *Kavanagh*, 333 N.W.2d 857, the county argues that "the district court was statutorily mandated under Section 117.185 to enter judgment when the jury rendered its verdict awarding damages to [TMT] on June 18, 2009." We disagree.

Section 117.185 provides that judgment in an eminent-domain proceeding "shall be entered upon the verdict" and that the judgment is binding "until reversed or modified in a direct proceeding begun for that purpose." In *Kavanagh*, the supreme court interpreted this statute and rule 58.01 after the jury returned *a general verdict* in an eminent-domain proceeding. 333 N.W.2d at 861–62 & n. 11. The supreme court held that rule 58.01 applies to eminent-domain proceedings, that the clerk therefore was required to enter judgment forthwith, and that the clerk failed to perform its "ministerial duty of timely entering the judgment," resulting in prejudice to a party. *Id.* at 858, 861–62. But the court also noted that a *special verdict* requires a judge to order entry of judgment. *Id.* at 862 n. 11.

■ The county argues that TMT "mischaracterizes the jury's verdict in this case as a special verdict, rather than a general verdict, ... [b]ecause the jury in this case rendered a verdict award of 'total just compensation' in the form of monetary damages only and disposed of all claims[.]" The county argues that judgment should have been entered immediately under rule 58.01, and that, as a matter of law, justice required that the district court grant its request for an order *nunc pro tunc* changing the date of entry of judgment to an earlier date. We disagree. "A general verdict is one by which the jury find generally upon all the issues in favor of the plaintiff or defendant." Minn.Stat. § 546.19 (2008). "A special verdict is one by which they find the facts only, and it shall so present the conclusions of fact as established by the evidence that nothing remains to the court but to draw from them conclusions of law." *Id.; see also* Minn. R. Civ. P. 49.01. A general verdict with interrogatories contains written interrogatories upon one or more issues of fact

along with a general verdict form. Minn. R. Civ. P. 49.02. The jury answers the interrogatories and renders a general verdict. *Id.*

■ In this case, the jury returned a verdict entitled "Special Verdict Form" with answers to four interrogatories regarding damages, and the record contains nothing that reveals any objection by the county to the form of the verdict submitted to the jury. We conclude that the jury returned a special verdict on June 18, 2009, which required the district court judge to "direct the appropriate judgment" under rule 58.01.

While the district court correctly noted that "[t]he rule does not specify a time requirement for the Court to direct entry of the judgment," it then concluded, without citing any authority, that "a reasonable time for directing entry, assuming no intervening events, should have been no more than ten (10) days." Reasoning that "whichever portion of Rule 58.01 is followed, judgment should have been entered no later than June 28, 2009," the district court concluded that it was justified in correcting the court's delay in entry of judgment by issuing the *nunc pro tunc* order amending the date of entry of judgment.

■ Minnesota law requires that the district court dispose of all motions and matters submitted for a decision within 90 days. Minn.Stat. § 546.27 (2008). But the requirement is "directory and designed merely to secure order, uniformity, system and dispatch in public business." *Garvey v. Garvey*, 390 N.W.2d 33, 35 (Minn.App. 1986) (quotations omitted). In *Garvey*, this court held that a district court's two-year delay in entering judgment was, by itself, an insufficient basis for a new trial. *Id.* at 34–35. Similarly, in *Haasken v. Haasken*, this court held that, absent a showing of prejudice, a ten-month delay in

deciding a case did not require a new trial. 396 N.W.2d 253, 257 (Minn.App.1986).

In this case, the district court ordered the entry of judgment 60 days after the jury returned its verdict—within an acceptable timeframe under the law and rules of civil procedure. No statute or rule mandated that the district court enter judgment sooner, and neither party requested that it do so. If the county desired an earlier order directing the entry of judgment, it could have and should have made that request to the court. Simply because the court could have directed entry of judgment sooner does not render the district court's August 18 order untimely. The court did not err by ordering the entry of judgment 60 days after the jury returned its verdict.

 In *Hampshire Arms,* the supreme court said that it was "obvious that the court amended the date of the judgment to save the appeal" and held that "[a]n entry *nunc pro tunc* cannot validate a premature appeal where, as here, actual entry of judgment is prerequisite to an appeal and the time to appeal dates from the entry." 210 Minn. at 288–89, 298 N.W. at 453. Here, it is obvious that the district court issued the *nunc pro tunc* order amending the date of entry of the judgment to avoid application of the ten-percent interest rate applicable to judgments entered on or after August 1, 2009. *See* Minn.Stat. § 549.09, subd. 1(c) (Supp.2009); 2009 Minn. Laws ch. 83, art. 2, § 35, at 1054–55. We hold that a *nunc pro tunc* order cannot amend the date of entry of a judgment to avoid application of the interest rate in effect at the time that judgment is entered. The district court therefore abused its discretion in ordering the entry of judgment *nunc pro tunc* amending the date of entry of judgment from October 30 to June 28. As in *Hampshire Arms,* "[t]he *nunc pro tunc* amendment of the date of

the [entry of] judgment was a nullity." 210 Minn. at 289, 298 N.W. at 453.

## DECISION

The district court abused its discretion when it ordered the entry of judgment *nunc pro tunc* amending the date of entry of judgment to avoid application of the effective interest rate set forth in Minn. Stat. § 549.09, subd. 1(c) (Supp.2009). We reverse and remand for further proceedings consistent with this decision. Interest on the judgment entered October 30, 2009, shall be calculated at the rate of ten percent per annum under Minn.Stat. § 549.09 (Supp.2009).

**Reversed and remanded.**