*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0829**

Casimir Robert Krithers, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed October 31, 2016
Affirmed; motion denied
Cleary, Chief Judge**

St. Louis County District Court
File No. 69DU-CR-15-1596

Casimir Robert Krithers, Duluth, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Gary W. Bjorklund, Assistant County Attorney, Duluth, Minnesota (for respondent)

Considered and decided by Cleary, Chief Judge; Schellhas, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CLEARY**, Chief Judge

In this appeal from an order denying his petition for a writ of habeas corpus, appellant argues that (1) he is illegally confined in pretrial detention based on information

that the state obtained from listening to recordings of his attorney phone calls; and (2) the district court judge had no authority to rule on his habeas petition. Because violation of attorney-client privilege is an issue that can be raised in an appeal from the judgment, and because it was not improper for the district court judge to consider appellant's habeas petition, we affirm.

## FACTS

Appellant Casimir Robert Krithers is charged with domestic assault by strangulation, felony domestic assault, and misdemeanor fleeing a police officer. Appellant argues that his constitutional right to counsel was violated when the calls he made to his attorney while in jail, pending trial on these charges, were recorded and downloaded.

At appellant's request, the district court held an evidentiary hearing, at which time the investigator with the police department, prosecuting attorney, and members of the jail staff testified. According to this testimony, the jail had recently switched phone systems. When the system is working properly, calls to attorneys are on a private list that has no download button and cannot be replayed. But due to a glitch in the system, the private-list feature was not working properly and was not identifying and concealing calls on the private list. On September 24, 2015, the prosecuting attorney e-mailed the investigator requesting that he download appellant's jail phone calls because of concerns that appellant was witness tampering. The prosecuting attorney repeated the request on September 30, 2015. On October 1, 2015, the investigator downloaded 52 calls, burned them onto two CDs, and delivered one to the prosecuting attorney and one to appellant's attorney. The

2

investigator did not know that appellant's private calls to his attorney had been downloaded and burned onto the CD that he delivered to the attorneys. The prosecuting attorney recognized appellant's attorney's phone number in the printout of the recorded calls, immediately notified appellant's attorney, and placed the CD in a box labeled "CDs to be destroyed." The investigator and prosecuting attorney both testified that they did not listen to calls between appellant and his attorney.

The prosecuting attorney's follow-up investigation requests from May 15, 2015, August 24, 2015, August 31, 2015, and September 30, 2015, were received as exhibits at the hearing. These exhibits demonstrate that, before appellant's attorney phone calls were downloaded, the state was seeking additional investigation into other incident reports involving the victim and appellant to use as relationship evidence and to interview the victim's probation officer.

At the conclusion of the hearing, appellant's attorney asked the court to review the recorded calls in camera.[1] After the hearing, appellant submitted a memorandum and argued that the charges should be dismissed on the grounds that his constitutional right to counsel was violated. Alternatively, appellant argued that the charges should be dismissed because of the "chilling of attorney-client communications regarding the preparation of his trial defense strategy." Finally, appellant argued that "tainted evidence" included in the investigator's follow-up investigation report must be excluded and a special prosecutor must be appointed.

---

[1] Appellant maintains that he did not consent to his attorney's request for in camera review.

On December 29, 2015, the district court denied appellant's motions in a written order and memorandum. The district court found credible the testimony that the prosecuting attorney and the investigator did not listen to any privileged calls; that the follow-up investigation was made "many months before" the calls were downloaded; and that the other requests for investigation were made at appellant's attorney's request. The district court concluded that no constitutional violation occurred because the intrusion was unintentional. The district court was satisfied, based in part on the in camera review, that the state "did not obtain confidential information about trial preparation or defense strategy."[2]

On March 16, 2016, appellant filed a petition for a writ of habeas corpus in the same district court file as his criminal charges, seeking relief from pretrial incarceration based on similar arguments he made in the motion to dismiss the charges due to the recording of his attorney calls. The state requested summary denial of the petition because appellant's claims were already addressed by the district court's December 29, 2015 order. The district court summarily denied the petition for a writ of habeas corpus on April 14, 2016, concluding that appellant's confinement was not illegal because appellant was in jail subject to bail; that his petition for a writ of habeas corpus was essentially a motion to reconsider the December 29, 2015 order; and that appellant could raise the issues in an appeal from final judgment.

This appeal follows.

---

[2] Appellant filed a pro se petition for discretionary review of the December 29, 2015 order, which this court denied on March 8, 2016.

4

**D E C I S I O N**

"[H]abeas corpus is a [statutory] remedy available to a confined person to obtain relief regarding the custody imposed, or the length of confinement in a given case." *State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015) (citing Minn. Stat. § 589.01 (2014)). Habeas corpus is a civil remedy that is separate from the criminal action, "therefore, it may not be used as a substitute for a writ of error or appeal; as a motion to correct, amend, or vacate; or as a cover for a collateral attack upon a judgment." *Breeding v. Swenson*, 240 Minn. 93, 96, 60 N.W.2d 4, 7 (1953). But habeas corpus may be used to challenge pretrial confinement in certain circumstances, such as the insufficiency of the allegations in the complaint, and the court's jurisdiction over the defendant. *Case v. Pung*, 454 N.W.2d 275, 276 (Minn. App. 1990), *review denied* (Minn. June 15, 1990). When the relevant facts are undisputed, the reviewing court applies a de novo standard of review on an appeal from an order denying a petition for a writ of habeas corpus. *State ex rel. Guth v. Fabian*, 716 N.W.2d 23, 26 (Minn. App. 2006), *review denied* (Minn. Aug. 15, 2006).

Appellant argues that he is "illegally imprisoned" in pretrial detention on charges resulting from a violation of his fundamental constitutional right to counsel. Appellant has the burden of demonstrating that his confinement is illegal. *Breeding*, 240 Minn. at 97, 60 N.W.2d at 7. Appellant is in jail on felony charges with $50,000 bail required as a condition of release. Appellant has demonstrated that he is in pretrial confinement. The question is whether this confinement is illegal.

Appellant advances several arguments with respect to the legality of his pretrial confinement. First, he argues that his pretrial confinement is illegal based on the recording

and downloading of his attorney calls in violation of his attorney-client privilege and based on the contract he had with the jail that assured him his attorney calls would be private. Second, he asserts that the recording and downloading of attorney calls adversely affected his ability to consult openly and honestly with his attorney, impairing that relationship. Third, he argues that the state listened to the calls and used information it learned from the calls to investigate its case to his detriment.

The state counters that the district court correctly denied appellant's petition for a writ of habeas corpus because the issue involving the recording and downloading of his attorney calls was fully addressed in the December 29, 2015 order; because appellant can raise these issues in an appeal from the final judgment if convicted after trial; and because habeas corpus is "not the proper venue to challenge" the order. The state's arguments have merit.

Appellant's argument that the charges should be dismissed because his constitutional right to counsel was violated is the same argument that he made to the district court in his petition for discretionary review, which was denied in the December 29, 2015 order. This is a trial issue, not a confinement issue. *See Kelsey v. State ex rel. Wood*, 283 N.W.2d 892, 893-94 (Minn. 1979) (stating a petition for writ of habeas corpus is only appropriate for matters relating to a district court's jurisdiction and not to trial errors, because habeas corpus remedy is for immediate release from confinement). Appellant can raise this issue in an appeal from any final judgment, should he be convicted. *See State v. Andersen*, 784 N.W.2d 320, 333 (Minn. 2010) (addressing claim that constitutional right to counsel was violated when calls to attorney's cell phone were monitored and recorded

6

in an appeal from judgment of conviction). Because appellant has a remedy in an appeal from any final judgment, habeas is not appropriate.

Moreover, appellant has not demonstrated, based on the current record, that the act of recording attorney calls prejudiced his case. In *Andersen*, the supreme court considered whether the act of recording, but not listening to, attorney-client phone conversations intrudes into the attorney-client relationship to a degree that violates the constitutional right to counsel. 784 N.W.2d at 333-34. The supreme court noted that, although the court had not yet articulated a standard that a defendant must show to prevail, there nonetheless must be some showing that the information in the calls was used to the defendant's detriment. *Id.* Here, the district court concluded, based on evidentiary-hearing testimony, exhibits, and in camera review, that appellant had not shown he was prejudiced by the intrusion because the state did not learn anything it could use to his detriment. Based on the current record, we cannot say that the district court erred in this determination.

Appellant next argues that the district court judge had no authority to rule on his habeas petition because the judge entered a recusal order on July 14, 2016, nunc pro tunc to December 29, 2015.[3] Nunc pro tunc means "now for then." *Black's Law Dictionary* 1174 (9th ed. 2009). The term describes a "retroactive legal effect through a court's inherent power." *Id.* "A nunc pro tunc order may be used for correcting an omission of

---

[3] Appellant has also filed a motion to supplement the record with the district court judge's July 14, 2016 nunc pro tunc order recusing himself from the criminal case effective December 29, 2015. The district court record was transmitted to this court on June 30, 2016, so the recusal order is not in the record for this appeal. But the district court register of actions is accessible to this court and contains the information appellant asks this court to consider. We, therefore, deny the motion to supplement the record as unnecessary.

the court, fixing a clerical error, or properly recording a step in the trial procedure which occurred but was omitted from the record." *County of Washington v. TMT Land V, LLC*, 791 N.W.2d 132, 135 (Minn. App. 2010) (quotation omitted). Nunc pro tunc is used to correct the record, "not to supply judicial action." *Hampshire Arms Hotel Co. v. Wells*, 210 Minn. 286, 288, 298 N.W.2d 452, 453 (1941). "A court can give effect to a judgment as of an earlier time only when the judgment was rendered at that time." *Id.* Where there is no mistake to correct, nunc pro tunc is not appropriate. *Id.* (concluding nunc pro tunc entry amending date of judgment to validate a premature appeal was a nullity because actual entry of judgment was valid and appeal could have been taken after the entry of judgment).

Although habeas proceedings are civil, in this case appellant filed his habeas petition in the criminal proceeding in which the district court judge was already assigned. After denying the habeas petition and after appellant perfected an appeal of that order, the district court judge recused himself from presiding over the criminal trial on the felony charges. That recusal does not mean that he was disqualified from ruling on appellant's habeas petition involving the same issue that appellant had already raised concerning the violation of his constitutional rights by the jail downloading his attorney calls. There is nothing in the record indicating that appellant sought to disqualify the district court judge prior to his ruling on the habeas petition. *See* Minn. R. Crim. P. 26.03, subd. 14(3) (providing for disqualification of a judge for cause). The mere fact that a judge has knowledge of the defendant does not mean that the judge is prejudiced against the defendant. *State v. Yeager*,

8

399 N.W.2d 648, 652 (Minn. App. 1987).  It was not improper for the district court judge to consider appellant's petition for a writ of habeas corpus.[4]

In conclusion, the district court did not err in summarily denying appellant's petition for a writ of habeas corpus because appellant has failed to demonstrate that his confinement is illegal or that the district court lacked authority to rule on his petition.

**Affirmed; motion denied.**

---

[4] There was no need for the July 14, 2016 recusal order to be entered nunc pro tunc to December 29, 2015.